

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. AP-75,911

## IN RE DAVID SCHULMAN

ON APPLICATION FOR WRIT OF MANDAMUS
IN CAUSE N0. 07-07-0066-CR FROM THE
SEVENTH COURT OF APPEALS
WILLIAMSON COUNTY

COCHRAN, J., delivered the opinion of the unanimous Court.

### OPINION

Mr. David Schulman, the appointed appellate attorney for Marlyn Solanas, filed an application for a writ of mandamus with this Court claiming that the Seventh Court of Appeals violated a ministerial duty when it ordered him to file a motion to withdraw as counsel along with his *Anders*[1] brief. That brief concludes, as all *Anders* briefs conclude, that his client's appeal is "frivolous," but Mr. Schulman argues that, while counsel for the

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

defense may file an *Anders* brief, he is not obligated to simultaneously file a motion to withdraw from representation. This is backwards. Under both Supreme Court and Texas precedent, when counsel files a motion to withdraw because he believes the appeal is frivolous, he may simultaneously file an *Anders* brief. An *Anders* brief may not be filed without a motion to withdraw, as the sole purpose of an *Anders* brief is to explain and support the motion to withdraw. The court of appeals did not err, much less violate a ministerial duty. We therefore deny relief on this application for a writ of mandamus.

I.

Pursuant to a plea bargain, Marlyn Solanas pled guilty to intoxication manslaughter in Williamson County. She was sentenced to ten years' confinement and a $2,500 fine, but the trial court placed her on community supervision. Over a year later, the State filed a motion to revoke, alleging that she had violated terms of her community supervision. Ms. Solanas pled "True" to the State's allegations, and the trial judge revoked her community supervision and sentenced her to ten years' imprisonment.

Ms. Solanas filed a timely notice of appeal and Relator, Mr. David Schulman, was appointed to represent her. The appeal was transferred to the Seventh Court of Appeals in Amarillo. On May 8, 2007, Mr. Schulman filed an *Anders* brief with the court of appeals and mailed a copy of this brief to Ms. Solanas, informing her of his actions and of her right to review the record of the proceedings and submit a *pro se* brief if she so desired.

Mr. Schulman did not simultaneously file a motion to withdraw as counsel with the

court of appeals, although the clerk of the court informed him that he was required to do so. Instead, he filed a document entitled "Response to Clerk's Instructions Regarding Motion to Withdraw." He explained that, under Article 26.04(j)(2) of the Code of Criminal Procedure, he was required to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record."[2] Mr. Schulman also stated that he was required to inform his client of her right to file a *pro se* petition for discretionary review to this Court even though he filed an *Anders* brief.[3] He noted that prior cases also implied that he must continue to answer questions posed by his client that "are reasonably related to this case and/or the procedures to be followed in seeking further review." Mr. Schulman argued that, from a moral standpoint, "his duty to assist [his client] is not and cannot be extinguished by the filing of an *Anders* brief."[4] Finally, Mr. Schulman lamented that "the procedures used in the various Courts of Appeals regarding this issue are wholly inconsistent. Some courts of appeals require counsel to file a motion to

---

[2] TEX. CODE CRIM. PROC. art. 26.04(j)(2); *see also* TEX. R. APP. P. 6.5 ("An appellate court may, on appropriate terms and conditions, permit an attorney to withdraw from representing a party in the appellate court.").

[3] *See Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006) (holding that the filing of an *Anders* brief in the court of appeals does not relieve defense counsel of the duty to inform a defendant that he has a right to file a *pro se* petition in the Court of Criminal Appeals).

[4] Mr. Schulman also advised the court of appeals that "in at least two-thirds of the case[s] in which the undersigned has filed an *Anders* brief during his career, he has subsequently been contacted by those clients seeking advice on procedural questions pertaining to either the *Anders* brief or the appeal in general."

withdraw, some take no position, others do not require counsel to withdraw." He requested that the Seventh Court of Appeals abandon its "policy" of requiring an attorney who files an *Anders* brief to simultaneously file a motion to withdraw as counsel.

After receiving Mr. Schulman's response, the court of appeals entered an order requesting him to reconsider his refusal to file a motion to withdraw and afforded him additional time to do so.[5] The court noted that Mr. Schulman's response was "very principled," but his "insistence on his duty to *represent* Appellant after the filing of an *Anders* brief is misplaced and is, in fact, an impediment to this Court's role in reviewing an *Anders* appeal."[6] Instead of complying with the court's order, Mr. Schulman filed an application for writ of mandamus and/or prohibition with this Court. We entered an order granting Mr. Schulman's motion to stay the proceedings and affording the court of appeals an opportunity to respond. The Office of the Attorney General of Texas filed a response on behalf of the court of appeals. We filed and set this matter for consideration.

## II.

A criminal defense attorney's duty is to zealously represent the interests of his client on appeal.[7] If the appointed attorney finds the "case to be wholly frivolous, after a

---

[5] *Solanas v. State*, No. 07-07-0066-CR (Tex. App.– Amarillo, May 25, 2007) (*per curiam* order) (not designated for publication).

[6] *Id.* at 4.

[7] *Anders*, 386 U.S. at 744. *Anders* was not the first Supreme Court opinion dealing with the appointed attorney's duty of zealous representation on appeal or of his obligation to file a motion to withdraw as counsel when he determines that an appeal would be frivolous. In *Ellis v.*

conscientious examination of it, he should so advise the court and request permission to withdraw."[8]  It is the motion to withdraw that is required in this situation.  The so-called "*Anders*" brief accompanies the motion to withdraw as an assurance to the appellate court that the attorney has indeed made a thorough and conscientious examination of the record, has provided the appellate court with the appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error.[9]  In *Anders*, the

---

*United States*, 356 U.S. 674 (1958), decided nine years before *Anders*, the Supreme Court stated:
> If counsel is convinced, after conscientious investigation, that the appeal is frivolous, of course, he may ask to withdraw on that account. If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied.

*Id*. at 675.

[8] *Anders*, 386 U.S. at 744; *see also McCoy v. Court of Appeals of Wisconsin, District I,* 486 U.S. 429, 437 (1988) (stating that both retained and appointed appellate attorneys have a "duty to withdraw" as counsel when they conclude that an appeal would be frivolous, but noting that appointed counsel "is presented with a dilemma because withdrawal is not possible without leave of court, and advising the court of counsel's opinion that the appeal is frivolous would appear to conflict with the advocate's duty to the client.  It is well settled, however, that this dilemma must be resolved by informing the court of counsel's conclusion."); *Wilson v. State*, 40 S.W.3d 192, 196 (Tex. App.– Texarkana 2001) ("Under *Anders* and its progeny, if an appointed attorney concludes that his client's appeal is without merit, he must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief 'referring to anything in the record that might arguably support the appeal.'") (quoting *McCoy* and *Anders*).

[9] *See Anders*, 386 U.S. at 744.  As the Supreme Court explained, the attorney's motion to withdraw
> must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court– not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

*Id.*  In Texas, an *Anders* brief need not specifically advance "arguable" points of error if counsel

Supreme Court held that the appellate attorney could not fulfill his obligation to represent his client by filing a letter merely stating that he has concluded that the appeal is frivolous.[10] Such a "no-merit letter," setting out nothing more than a "bare conclusion," is not enough to assure the appellate courts that the attorney has made a thorough review of the record and the applicable law, but has nonetheless concluded that there is no plausible basis for appeal.[11]

The attorney's duty to withdraw is based upon his professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands. The Supreme Court has stated,

> Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal.[12]

---

finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities. *See Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.).

[10] *Id.* at 742-43. In *Anders*, the appointed appellate attorney wrote the court of appeals the following letter:

> I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him . . . . He wishes to file a brief in this matter on his own behalf.

*Id.* at 742.

[11] *Id.* at 742-44.

[12] *McCoy,* 486 U.S. at 436 (citing ABA Standards for Criminal Justice, Commentary to 4–3.9 (2d ed. 1980)). The Supreme Court then quoted the Seventh Circuit:

> A lawyer, after all, has no duty, indeed no right, to pester a court with frivolous arguments, which is to say arguments that cannot conceivably persuade the court, so if he believes in good faith that there are no other arguments that he can make

Counsel's obligation to his client is to seek leave to withdraw as counsel.  His obligation to the appellate courts is to assure them, through the mechanism of an *Anders* brief, that, after thorough investigation and research, his request is well founded.[13]

The *Anders* brief reflects the fact that the appointed attorney has adequately researched the case before requesting to withdraw from further representation.  It also sets out the attorney's due diligence investigation on behalf of his client.  It has an additional use for the appellate courts: it provides them with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous.[14]  It has an additional use for the defendant:  it

on his client's behalf he is honorbound to so advise the court *and seek leave to withdraw as counsel.*

*Id.* (quoting *United States* v. *Edwards*, 777 F.2d 364, 365 (7th Cir.1985) (emphasis added)).
As Professors Dix and Dawson have explained in their treatise,

States have a legitimate interest in being able to develop and implement procedures which identify frivolous appeals and permit resolution of them without the cost of providing the defendant-appellant with counsel's help in preparing and submitting a full merits brief.  Such procedures must also, of course, protect other appellants with nonfrivolous appeals from being denied their right to full assistance of counsel in pursuing those nonfrivolous appeals.

42 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 24.148, at 327 (2d ed. 2001).

[13] *See Johnson v. State*, 885 S.W.2d 641, 647 n.1 (Tex. App.–Waco 1994, pet. ref'd), *modified by Wilson v. State*, 955 S.W.2d 693 (Tex. App.– Waco 1997, no pet.) ("After concluding that the appeal is frivolous, the attorney is under a *duty* to request permission from this court to withdraw from the appeal"; stating that an *Anders* brief is "a brief in support of the motion to withdraw").

[14] *See Anders*, 386 U.S. at 745 (noting that the *Anders* brief would "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished by counsel."); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [panel op.] 1978) (by filing an *Anders* brief "which supplies ready references to the record and legal authorities, counsel aids the reviewing court in studying a cold

provides him with appropriate citations to the record if he wishes to exercise his right to file a *pro se* brief.[15]  And it has an additional use for the appointed attorney:  it protects him "from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled."[16]  Despite its helpfulness to all concerned, the *Anders* brief is only the proverbial "tail"; the motion to withdraw is "the dog."[17]

Of course, the *Anders* procedure is not constitutional dogma.  It is "merely one method of satisfying the requirements of the Constitution for indigent criminal appeals."[18]  Texas is free to adopt other procedures as long as they meet federal constitutional requirements.[19]  Although Texas may choose to adopt a different mechanism for dealing with frivolous appeals, it has thus far followed the *Anders* procedure.[20]

---

record.").

[15] *See Anders*, 386 U.S. at 744 (noting that the attorney must furnish his indigent client with a copy of the *Anders* brief referring to anything in the record that might arguably support the appeal," and that defendant may "raise any points that he chooses" in a *pro se* brief).

[16] *Anders*, 386 U.S. at 745.

[17] *See Jeffrey v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (discussing *Anders* procedure and stating that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted).

[18] *Smith v. Robbins*, 528 U.S. 259, 276 (2000).

[19] *Id.*

[20]  *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [panel op.]1978) (adopting the *Anders* procedure and suggesting that the Supreme Court mandated that particular procedure for

Although the defense attorney is required to *file* a motion to withdraw at the same time that he files an *Anders* brief, the court of appeals will not *grant* that motion until:

(1)     the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a *pro se* brief within thirty days, and he has ensured that his client has, at some point, been informed of his right to file a *pro se* PDR;[21]

(2)     the attorney has informed the court of appeals that he has performed the above duties;[22]

---

federal constitutional purposes); *see also Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991).  In this Court's most recent cases, *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006), and *Meza v. State*, 206 S.W.3d 684 (Tex. Crim. App. 2006), we have continued to apply the *Anders* brief procedures.

[21] *See Stafford*, 813 S.W.2d at 510.  A defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a *pro se* brief.  *Gonzales v. State*, 903 S.W.2d 404, 405 (Tex. App.–Texarkana 1995, no pet.).

[22] *See Johnson v. State*, 885 S.W.2d 641, 647 n.1 (Tex. App.–Waco 1994, pet. ref'd), *modified by Wilson v. State*, 955 S.W.2d 693 (Tex. App.– Waco 1997, no pet.) (noting that "[a]lthough a variety of methods of demonstrating that the client has been informed of his *pro-se* rights have been utilized and accepted by the courts, we believe that the best approach is to provide this court a copy of a letter sent to the defendant with the attorney's brief in support of the motion to withdraw in which counsel has outlined the defendant's pro-se rights and the steps necessary to exercise those rights.").

Under the newly revised Rule 25.2 of the Texas Rules of Appellate Procedure and the revised Certificate of Appeal form, the defendant will have been informed of his right to file a *pro se* PDR at the time that he makes a decision to file a notice of appeal.  TEX. R. APP. P. 25.2(d), (e), (h); Appendix (Certification of Defendant's Right of Appeal).  This information will be repeated at the time that counsel sends the defendant a copy of the court of appeals's opinion if the defendant has kept the attorney informed of his then-current mailing address.  TEX. R. APP. P. 48.4.

Some courts of appeals have even implemented a helpful procedure in which they reiterate the appellant's right to file a *pro se* PDR and set out the time line for doing so in their opinion.  *See, e.g., Glover v. State*, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex. App.– Texarkana, Nov. 20, 2007, pet. ref'd) (not designated for publication).  In *Glover*, an *Anders* case, the Texarkana Court of Appeals agreed with appellate counsel that there were no

(3)    the defendant has had time in which to file a *pro se* response;[23] and

(4)    the court of appeals has itself reviewed the record, the *Anders* brief, and any *pro se* brief.[24]

After the completion of these four steps, the court of appeals will either agree that the appeal

is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will

---

arguable points of error and noted:
> Since we agree this case presents no reversible error, we also, in accordance with *Anders,* grant counsel's request to withdraw from further representation of Glover in this case. No substitute counsel will be appointed. Should Glover wish to seek further review of this case by the Texas Court of Criminal Appeals, Glover must either retain an attorney to file a petition for discretionary review or Glover must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

*Id.* at *7-8 n.1. While this advisory by the court of appeals is not required, it is commendable.

[23] *See Johnson*, 885 S.W.2d at 647 n.3 (adopting a thirty-day time period in which the defendant may file a *pro se* responsive brief). This brief is not one subject to the requirements of TEX. R. APP. P. 74 because its purpose is not to permit the court of appeals to decide the case on the merits; it is intended only to alert the appellate court to any matters that the defendant believes might be arguable in a brief on the merits. *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.) (concluding that "the *pro se* response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."). Thus, the defendant's *pro se* "brief" is not an example of a forbidden hybrid representation because the *pro se* filing is not a merits brief, it is merely an informal opportunity for the indigent defendant to present what he believes are claims or issues or areas of procedural or substantive concern that arguably deserve a full merits brief by a second attorney. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

[24] *Stafford*, 813 S.W.2d at 510-11.

determine that there may be plausible grounds for appeal.[25]  If the court of appeals decides

that there are any colorable claims for appeal, it will:  (1) grant the original attorney's motion

to withdraw; and (2) abate the case and send it back to the trial court to appoint a new

attorney with directions to file a merits brief.[26]

III.

This particular procedure, though not required by the federal constitution,[27] seems to

work relatively well in Texas.  We see no reason to change it at this time.  And under this

procedure, the Seventh Court of Appeals appropriately ordered the Relator, Mr. Schulman,

to file a motion to withdraw as a condition precedent to filing his *Anders* brief.

The Relator, in his application for a writ of mandamus, argues that he should not be

required to file a motion to withdraw because he still had "legal and moral duties to his

client."[28]  He argues that the discussion in *Anders* concerning the requirement that an

---

[25] *Id.*

[26] *See Tellez v. State*, 880 S.W.2d 247, 248 (Tex. App.– El Paso 1994, no pet.) (per curiam) (in its review, appellate court found arguable error regarding voluntariness of confession, therefore it abated the appeal and remanded it to the trial court for appointment of new counsel); *see generally*, DIX & DAWSON, *supra* note 12, at §§ 24.149-24.156.

[27] *See Smith v. Robbins*, 528 U.S. 259, 280-84 (2000).

[28] Application for Writ of Mandamus at 3 (citing to his Response to Clerk's Instructions Regarding Motion to Withdraw).  Relator states that he must "continue to offer answers to questions posed by Appellant that are reasonably related to this case and/or procedure to be followed in seeking further review. ¶ Finally, from a moral standpoint, the undersigned suggests that his duty to assist Appellant is not and cannot be extinguished by the filing of an *Anders* brief."

appointed attorney who finds that any appeal would be frivolous must file a motion to withdraw was "*obiter dicta*, having no import to the core holding of the case."[29] We are unable to find any authority from any jurisdiction for the proposition that the Supreme Court's discussion of the requirement that counsel file a motion to withdraw is mere *obiter dicta*. Instead, in *Smith v. Robbins*, the Supreme Court drew back from the proposition that the "*Anders* brief" procedure was a constitutional requirement. It concluded that "[t]he procedure we sketched in *Anders* is a prophylactic one; the States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel."[30]

The Relator correctly notes that there is a need for uniform procedures for those cases in which an *Anders* brief is filed, especially as the Texas Rules of Appellate Procedure do not provide any explicit guidance. The *Anders* procedure is simply one judicially created, prophylactic means that the Supreme Court suggested to safeguard a defendant's constitutional right to appellate counsel.[31] The Texas Legislature is free to adopt other means should it so chose, and the courts of Texas could implement an alternate procedure should it prove more beneficial and appropriate. But in the meantime, we will continue to adhere to the original rationale and procedural guidelines set out in *Anders*.

---

[29] *Id.* at 9.

[30] *Smith v. Robbins*, 528 U.S. 259, 265 (2000).

[31] *Id.*

Relator and some courts of appeals may share in some confusion concerning the distinction between the *filing* of a motion to withdraw and the *granting* of that motion. Under the *Anders* procedure, the motion to withdraw will not be granted until the appellate court decides whether the appeal is, in fact, wholly frivolous, or whether there are any arguable claims of merit.[32] In either event, the motion to withdraw will then be granted and either the appeal will be dismissed or the case abated to the trial court for appointment of

---

[32] *See, e.g.*, *Meza v.* State, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006) (holding that "the courts of appeals have jurisdiction and authority to grant a motion to withdraw that accompanies an *Anders* brief whenever, as here, they find that appellate counsel has exercised professional diligence in assaying the record for error, and they agree that the appeal is frivolous. In such circumstances the court of appeals should grant the motion to withdraw. If, on the other hand, they believe either that appellate counsel has not adequately discharged his constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts, they must *then* abate the appeal and return the cause to the trial court for the appointment of new appellate counsel[.]"); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("After an attorney files a proper *Anders* brief (which should be filed with a request for withdrawal from the case) and the appellant is afforded an opportunity to respond, the Court of Appeals–not the attorney–must conduct its own investigation of the record to discover if there are arguable grounds. If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal. As we read *Anders,* counsel filing a frivolous brief must be allowed to withdraw from the case and consequently cannot be ordered to argue grounds that she had previously determined to be without merit.") (footnote omitted); *In re J.L.M*, ___ S.W.3d __, No. 12-07-00013-CV, 2008 Tex. App. LEXIS 658 *3 (Tex. App.– Tyler, January 31, 2008, no pet. h.) (noting that appellate counsel filed *Anders* brief and "moved for leave to withdraw. We carried the motion with our consideration of the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the trial court's judgment is *affirmed*."); *Morales v. State*, No. 11-06-00241-CR, 2007 Tex. App. LEXIS 5010 * 2 (Tex. App.– Eastland, June 28, 2007, no pet. h.) (not designated for publication) ("Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. . . . Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed. Court-appointed counsel has complied with the requirements of *Anders*").

new counsel. Counsel's duties to his client are not extinguished until that time. Until his

*Anders* motion to withdraw is granted, counsel represents his client, must send his client a

copy of the *Anders* brief, must inform him of his right to file a *pro se* response, must respond

to his client's questions, must send him a copy of the decision by the court of appeals,[33] must

ensure that his client has been informed of his right to file a *pro se* PDR,[34] and so forth.[35] But

---

[33] The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. This informational duty could have been placed upon the appellate courts themselves, but because counsel is usually better informed about his former client's whereabouts, it has been placed on his shoulders. If, however, the client has not kept counsel informed of his current address, then counsel cannot be held responsible for his client's failure to timely receive a copy of the appellate opinion or notice of his right to timely file a *pro se* PDR.

[34] As explained in note 22, *supra*, the trial court's certification of the right to appeal now includes an advisory concerning the appellant's right to file a *pro se* PDR. This is not an instance in which the trial judge is giving legal advice to the defendant, he is merely informing that person of his statutory right to appeal. The same is true when appellate counsel sends his now-former client a copy of the court of appeals's opinion and the required information concerning the appellant's statutory right to file a *pro se* PDR. Of course, as we stated in *Ex parte Owens*, 206 S.W.3d 670, 674 n.4 (Tex. Crim. App. 2006), "[t]here is no particular reason that counsel filing an *Anders* brief cannot alert his client to the client's right to file a petition for discretionary review at the same time that he informs his client of his rights to file a *pro se* appellate brief[.]"

[35] New TEX R. APP. P. 48.4, entitled *Opinion Sent to Criminal Defendant*, states,
   In criminal cases, the attorney representing the defendant on appeal shall, within
   five days after the opinion is handed down, send his client a copy of the opinion
   and judgment, along with notification of the defendant's right to file a *pro se*
   petition for discretionary review under Rule 68. This notification shall be sent
   certified mail, return receipt requested, to the defendant at his last known address.
   The attorney shall also send the court of appeals a letter certifying his compliance
   with this rule and attaching a copy of the return receipt within the time for filing a
   motion for rehearing. The court of appeals shall file this letter in its record of the
   appeal.
*Id.* This rule applies when appellate counsel files an *Anders* brief as well as when he files a merits brief. Again, this duty is informational, not representational.

the court of appeals cannot proceed in an orderly way in the *Anders* situation until and unless counsel has filed a motion to withdraw.

Because the Seventh Court of Appeals was correct in its Order that Mr. Schulman must file a motion to withdraw before that court can proceed further in this appeal, we deny mandamus relief.

Delivered:  April 30, 2008

Publish