NO. 07-08-0175-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009
______________________________


EDWIN ANDREW DEGRAFF, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. B16020-0505; HON. ROBERT W. KINKAID, JR., PRESIDING
_______________________________

Order of Abatement and Remand for Appointment of Counsel
________________________________
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          After a jury trial, Edwin Andrew DeGraff (appellant) was convicted of aggravated
sexual assault of a child. Punishment was assessed by the jury at fifty years in the Texas
Department of Criminal Justice Institutional Division. Appellant timely filed his notice of
appeal. Thereafter, his appointed counsel filed a motion to withdraw, together with an
Anders


 brief, wherein he certified that, after diligently searching the record, he found the
appeal without merit. Along with his brief, he also filed a copy of a letter he sent to
appellant informing him of his conclusion and of appellant’s right to appeal pro se. This
court notified appellant of his right to file his own brief or response, and appellant did so.
          In an Anders situation, a criminal defense attorney must zealously represent the
interests of his client on appeal. In re Schulman, 252 S.W.3d 403, 406 (Tex. Crim. App.
2008). If the appointed attorney finds the "case to be wholly frivolous, after a conscientious
examination of it, he should so advise the court and request permission to withdraw." Id. 
The brief filed in an Anders situation is “an assurance to the appellate court that the
attorney has indeed made a thorough and conscientious examination of the record, has
provided the appellate court with the appropriate facts of the case and its procedural
history, and has pointed out any potentially plausible points of error.” Id. 
          Despite counsel’s efforts and disclosures, we cannot simply accept them and also
conclude that the appeal is baseless. Instead, we too must peruse the record to determine
if matter exists that merits attention. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). We have done that here and conclude that such matters do exist. 
          Indeed, in analyzing the record as part of his Anders obligation, appellate counsel
did not mention various circumstances of interest. They include the three mistrials granted
by the trial court, the denial of appellant’s motion to transfer venue (filed after the third
mistrial) because he allegedly could not receive a fair trial, the denial of his motion to
suppress that placed into question the voluntariness of appellant’s statement, or the
difference between the accusations in the indictments and those in the jury charge
involving the manner and means of the assaults. And, while we make no comment upon
the ultimate merit of appellant’s appeal, we find that further attention to it is needed. 
          Therefore, appellate counsel’s representation about the appeal being meritless is
rejected at this time. Instead, we abate the matter and remand the cause to the 64th
District Court of Hale County, Texas. See Stafford v. State, 813 S.W.2d at 511. Upon
remand, the trial court is ordered to appoint a new attorney to represent appellant in his
appeal. Next, the trial court shall cause the name, address, and state bar number of the
newly appointed counsel to be included in a supplemental transcript. That transcript shall
be filed by the trial court with the clerk of this court on or before April 30, 2009. Finally,
because the opinion expressed by appellant’s current attorney could be viewed as creating
a conflict of interest, we grant his motion to withdraw. 
          It is so ordered.
                                                                           Per Curiam
 
Do not publish.         
 
 



est of justice and the public to require
a father to support his children to the best of his ability. Indeed, it is also in the interest of
the defendant that he do so to protect himself from being guilty of contempt of court by
failing to obey court-ordered child support payments to eradicate unexcused delinquencies
in making such payments. That being so, we cannot say that the trial court abused its
discretion in imposing the payment of delinquent child support as a condition of allowing
appellant to serve his sentence without actually being confined in a penal institution. 
Appellant's second and third points are overruled.

 In summary, all of appellant's points are overruled and the judgment of the trial court
is affirmed.


 John T. Boyd

 Chief Justice


Do not publish.

 
1. Later references to rule numbers are to those Rules of Evidence, unless otherwise
specifically noted.