NO. 07-09-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 15, 2009
_____

TIMOTHY MICHAEL KNOOP,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31st DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2731; HON. STEVEN RAY EMMERT, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant appeals from an order revoking his probation. The clerk's record was filed on June 24, 2009, and the reporter's record on August 7, 2009. Appellant's counsel filed an *Anders* brief on September 28, 2009, and on October 7, 2009, this Court notified appellant by letter that he could file a response by November 6, 2009. On October 26,

2009, appellant requested an extension of time to file his response to the *Anders* brief, which was granted to December 18, 2009.

On November 9, 2009, appellant informed this Court that he had requested the appellate record from his attorney but received no response. We then directed appellant's attorney to provide the record to appellant to aid in the preparation of a response. Thereafter, counsel informed us by letter that he provided the record on September 25, 2009, but "we did not receive a copy of the Clerk's Record from the Hemphill County District Clerk and advised Mr. Knoop accordingly." The district clerk's office then sent us correspondence disclosing that appellant's counsel had "not checked out our copy of the Clerk's Record." An attorney cannot legitimately represent that no error exists without first reviewing the *entire* record. Appellant's counsel did not do that here.

Accordingly, we abate the appeal and remand the cause to the 31st District Court of Hemphill County, Texas. Upon remand, the trial court shall remove appellant's current attorney and appoint another to represent him in this appeal. The trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure. Should new counsel determine, after a thorough review of the appellate record, that the appeal is indeed frivolous, he may opt to file an *Anders* brief; however, he must comport with the requirements specified in *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *In re J.B.,* ___ S.W.3d ___, 2009 WL 283197 (Tex. App.–El Paso February 5, 2009, no pet. h.) before doing so.

The deadline for filing an appellant's brief with the clerk of this appellate court is extended to February 1, 2010, unless further extended by this court. Any responding brief

2

which the State may care to submit shall be filed within 30 days thereafter.  Finally, the trial court is further directed to inform this court, in writing, of the name, address, and state bar number of appellant's newly appointed counsel by January 4, 2010.

It is so ordered.

Per Curiam

Do not publish.