NO. 07-09-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

 DECEMBER 15, 2009
______________________________

TIMOTHY MICHAEL KNOOP,
Â 
Appellant

v.

THE STATE OF TEXAS, 
Â 
Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â _________________________________

FROM THE 31st DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2731; HON. STEVEN RAY EMMERT, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant appeals from an order revoking his probation. The clerkâs record was filed
on June 24, 2009, and the reporterâs record on August 7, 2009. Appellantâs counsel filed
an Anders brief on September 28, 2009, and on October 7, 2009, this Court notified
appellant by letter that he could file a response by November 6, 2009. On October 26,
2009, appellant requested an extension of time to file his response to the Anders brief,
which was granted to December 18, 2009. 
Â Â Â Â Â Â Â Â Â Â On November 9, 2009, appellant informed this Court that he had requested the
appellate record from his attorney but received no response. We then directed appellantâs
attorney to provide the record to appellant to aid in the preparation of a response. 
Thereafter, counsel informed us by letter that he provided the record on September 25,
2009, but âwe did not receive a copy of the Clerkâs Record from the Hemphill County
District Clerk and advised Mr. Knoop accordingly.â The district clerkâs office then sent us
correspondence disclosing that appellantâs counsel had ânot checked out our copy of the
Clerkâs Record.â An attorney cannot legitimately represent that no error exists without first
reviewing the entire record. Appellantâs counsel did not do that here.Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Accordingly, we abate the appeal and remand the cause to the 31st District Court
of Hemphill County, Texas. Upon remand, the trial court shall remove appellantâs current
attorney and appoint another to represent him in this appeal. The trial court shall further
order the newly appointed counsel to file an appellantâs brief, as per the Texas Rules of
Appellate Procedure. Should new counsel determine, after a thorough review of the
appellate record, that the appeal is indeed frivolous, he may opt to file an Anders brief;
however, he must comport with the requirements specified in In re Schulman, 252 S.W.3d
403 (Tex. Crim. App. 2008) and In re J.B., __ S.W.3d ___, 2009 WL 283197 (Tex. App.âEl
Paso February 5, 2009, no pet. h.) before doing so. 
Â Â Â Â Â Â Â Â Â Â The deadline for filing an appellantâs brief with the clerk of this appellate court is
extended to February 1, 2010, unless further extended by this court. Any responding brief
which the State may care to submit shall be filed within 30 days thereafter. Finally, the trial
court is further directed to inform this court, in writing, of the name, address, and state bar
number of appellantâs newly appointed counsel by January 4, 2010. 
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



es a prognosis. 

 Konety opines in his report that at the time of the sonogram in April 2002, presence
of vascularity within the mass "should have raised reasonable concerns" regarding a
possible malignancy. The report also sets out that it would have been "more in keeping
with the standard of care" for Brown to have considered either reevaluation after a shorter
follow-up period to closely monitor the mass, or to have advised surgical intervention. 
Konety does not, however, express an opinion in the report that a reasonably prudent
urologist would have diagnosed Fraley's testicular mass as a malignancy following the April
2002 consultation, or that certain specific actions or courses of action would have been
taken by a reasonably prudent urologist to diagnose Fraley's mass. 

 It is the substance of the opinions in question, not the technical words used, that
determines whether a report complies with statutory mandates. See Bowie Mem'l Hosp.
v. Wright, 79 S.W.3d 48, 53 (Tex. 2002). Merely inserting the words "standard of care" in
a report, without setting out or describing what actions or courses of action are
encompassed within the standard, does not substantively express a standard of care. The
conclusion follows that Konety's report omitted the standard of care which § 13.01(r)(6)
requires to be included. 

 Because Koenty's report omitted an element required by the statute, a belief on
behalf of Fraley and his attorney that the report complied with the statute is not sufficient
to support a finding of accident or mistake. See Walker, 111 S.W.3d at 64-65. Under such
circumstances the trial court was not authorized by Â§ 13.01(g) to grant a grace period and
abused its discretion in doing so. Id. 

 Our determination that Konety's report omitted the standard of care obviates the
need for us to address whether his report addresses the causation element, as required
by Â§ 13.01(r)(6). See Tex. R. App. P. 47.1.

CONCLUSION

 Brown is entitled to the relief sought. We conditionally grant the petition for writ of
mandamus. We are confident the trial court will grant the relief to which Brown is entitled
pursuant to Â§ 13.01(e) and this opinion. We will direct the clerk to issue the writ only in the
event the trial court does not do so. 

 

 Phil Johnson

 Chief Justice




 

 

1. 
 - 
 
 
 " " "Â§ "