

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,563-01 & WR-82,563-02

### EX PARTE ARMANDO FERMIN SOTO, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W10-19502-(H)(A) & W10-19503-H(A)
### IN CRIMINAL DISTRICT COURT NO. 1
### FROM DALLAS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in two causes of intoxicated manslaughter and sentenced to imprisonment for twenty years in each cause. The Fifth Court of Appeals affirmed his conviction. *Soto v. State*, Nos. 05-11-01061-CR & 05-11-01062-CR, Tex. App.—Dallas Nov. 28, 2012) (not designated for publication).

Applicant contends, among other things, that his appellate counsel rendered ineffective assistance because counsel erroneously advised him that, upon the appellate court's decision on her

*Anders* motion to withdraw, he would have 30 days to review the record and file a pro-se brief. We remanded this application to the trial court for findings of fact and conclusions of law.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel erroneously advised him about the procedure of filing a pro se brief. The trial court recommends that relief be granted. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

We find, therefore, that Applicant is entitled to the opportunity to file a pro-se, out-of-time responsive brief alerting the court of appeals to any matters he believes might be arguable in a brief on the merits appealing the judgments of conviction in Cause Nos. F-1019503-H & F-1019502-H from the Criminal District Court No. 1 of Dallas County. The court of appeals shall make sure that the Applicant is granted access to the appellate record within 15 days of the date on which this Court's mandate issues. Applicant's filings shall be due within 45 days of the date on which this Court's mandate issues.

Delivered: June 10, 2015
Do not publish