COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Hung Le v. The State of Texas

Appellate case number:   01-14-01019-CR

Trial court case number:  1398928

Trial court:                   232nd District Court of Harris County

On July 8, 2015, appellant's appointed counsel filed a motion to withdraw and a supporting *Anders* brief stating that the appeal is frivolous. Appellant's pro se response to appointed counsel's *Anders* brief was initially due on August 7, 2015. Appellant has sought and received three prior extensions of time to file his pro se response. Appellant's pro se response is currently due on November 2, 2015.

On October 12, 2015, appellant's sister, claiming that appellant is incapacitated and that she has appellant's power of attorney, filed a motion on behalf of appellant requesting (1) appointment of new counsel to prepare an *Anders* response and (2) an additional 60-day extension from the time such counsel is appointed to file appellant's response. On October 15, 2015, appellant filed a similar motion containing his signature.

***Motion filed on behalf of appellant.*** The motion filed by appellant's sister is **struck** because she is not authorized to file pleadings on behalf of a pro se litigant. *See In re Pate*, No. 13-15-00346-CR, 2015 WL 5626172 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2015, orig. proceeding); *Martinez v. Regal Cinemas*, No. 04-01-00841-CV, 2002 WL 31863763, at *1 (Tex. App.—San Antonio Dec. 24, 2002, no pet.). A power of attorney merely authorizes an agent to transact business for the principal. *See In re Pate*, 2015 WL 5626172, at *1 n.2. A power of attorney does not authorize one to act as a licensed attorney at law, representing individuals in proceedings in court. *See McDonald v. State*, No. 08–08–00103–CR, 2010 WL 3910424, at *9 (Tex. App.—El Paso Sept. 30, 2010, pet. ref'd) (op., not designated for publication).

***Appellant's motion***. Appellant's request for appointment of counsel to prepare an *Anders* response is **denied**. Appellants are not entitled to appointment of counsel to file an *Anders* response. Appellant's request for an extension of time to file his pro se response is **granted in part**. The deadline for filing Appellant's pro se response is extended to **December 2, 2015** with no further extensions absent extraordinary circumstances.

Finally, the procedural history of this appeal to date compels the observation that until appointed counsel's motion to withdraw is granted, he has a continuing duty to represent

appellant—even after the filing of an *Anders* brief. *See In re Schulman*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2014) (requiring appointed counsel to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). Nothing in the record of this appeal suggests that appellant has refused the assistance of his appointed counsel who, among other things, ought to: inform himself about his client's desires with respect to maintaining this appeal; inform himself about his client's capacity to file a pro se response, should the client wish to do so; keep this court informed about any material information or change in circumstances affecting the client's ability to file a pro se response; and, consistent with his ethical obligations to both the client and to the court, generally advocate on behalf of the client's interests until such time as the attorney may be permitted to withdraw.

It is so ORDERED.


Judge's signature: /s/ <u>Michael Massengale</u>
⊠ Acting individually    ☐ Acting for the Court


Date: October 27, 2015