

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00350-CR
_____

DANIEL LEE HELSLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,538-C, Honorable Ana Estevez, Presiding

September 14, 2016

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Daniel Lee Helsley appeals his conviction for sexual assault of a child. On April 28, 2016, this court abated the appeal and remanded the cause to the trial court because appellant's counsel failed to file a brief. In our order, we directed the trial court to determine why a brief had not been filed on appellant's behalf and to file a supplemental record with any necessary orders and findings by May 31, 2016. On May 31, 2016, appellant's counsel filed a motion to withdraw and *Anders* brief. Accordingly, we reinstated the appeal, sua sponte.

Upon review of counsel's motion to withdraw and *Anders* brief, however, we were unable to determine whether counsel reviewed the entire record, including all exhibits admitted at trial, before he determined that appellant's appeal was meritless. Likewise, we could not ascertain whether counsel sent appellant a complete copy of the appellate record, including all trial exhibits.[1] We, therefore, struck counsel's motion to withdraw and *Anders* brief and ordered counsel to file a brief addressing the merits of the appeal or, in the alternative, a motion to withdraw and *Anders* brief conforming to the requirements of *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) by September 2, 2016. If counsel were to pursue the latter, we directed counsel to review the entire appellate record before determining whether he could assert an arguable issue for review on behalf of appellant. Counsel has not filed a brief nor had any further communications with this court.

Accordingly, we again abate this appeal and remand the cause to the 251st District Court of Randall County (trial court) for further proceedings. Upon remand, the trial court shall determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. why a timely appellate brief has not been filed on behalf of appellant;

4. whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file an appellate brief, s*ee Ex parte Briggs,* 187 S.W.3d 458, 467 (Tex. Crim. App. 2005) (holding "a reasonably competent attorney—regardless of whether he is retained or appointed—must seek to advance his client's best defense in a reasonably competent manner");

5. whether new counsel should be appointed; and

---

[1] In an *Anders* case, counsel is required to provide the appellant with either a copy of the appellate record or a motion for *pro se* access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

6.      if appellant desires to continue the appeal, the date the court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by October 3, 2016. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, and phone number of any new counsel appointed shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before October 3, 2016.

It is so ordered.

Per Curiam

Do not publish.