

# Fourth Court of Appeals
## San Antonio, Texas

October 19, 2016

No. 04-16-00389-CR

Paul **PADILLA,** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR2112
Honorable Ray Olivarri, Judge Presiding

## O R D E R

Appellant's court-appointed appellate counsel filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967). On October 11, 2016, appellant filed a motion requesting access to the appellate record.[1] *See Kelly v. State*, 436 S.W.3d 313, 320–21 (Tex. Crim. App. 2014). After review, we **GRANT** appellant's motion. We **ORDER** the clerk of this court to prepare and send a full and complete duplicate copy of the clerk's record and the reporter's record, including the MP4s that are part of the reporter's record, in appellate cause number 04-16-00389-CR (trial court cause number 2014CR2112) to appellant at **Ellis Unit # 2080525, 1697 FM 980, Huntsville, TX 77343**.

If, after reviewing the record, appellant desires to file a pro se brief, he must file the pro se brief in this court **within thirty days from the date the appellate record is sent by this court to appellant**. If the appellant files a pro se brief, the State may file a responsive brief no later than thirty days after the date the appellant's pro se brief is filed in this court.

We further **ORDER** the motion to withdraw filed by appellant's counsel held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) (holding that motion to withdraw should not be ruled on before appellate court independently

---

[1] The form motion provided by appointed counsel to appellant — and subsequently filed by appellant — for the purpose of obtaining the appellate record was incorrect under *Kelly*. The form should have requested both the clerk's record and the reporter's record. However, in the interest of judicial economy, we construe the form as a request for both portions of the appellate record. Counsel is advised that in future cases in which an *Anders* brief is filed, the form provided to the appellant by counsel should include a request for *all* portions of the appellate record.

reviews record to determine whether counsel's evaluation that appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same).

We **order** the clerk of this court to serve a copy of this order on all counsel and appellant.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of October, 2016.

Keith E. Hottle
Clerk of Court