**Order entered October 4, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00081-CR

### MOLLY ORTIZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F16-30318-I**

## ORDER

On September 17, 2018, the Clerk of the Court transmitted a letter to appellant's counsel directing counsel to provide written verification showing counsel had sent appellant a letter that (1) notified her of counsel's motion to withdraw and accompanying *Anders* brief; (2) informed her of her right to review the record and prepare a pro se response to the *Anders* brief; and (3) informed her of her right to seek discretionary review in the event of an adverse judgment from this Court. The Clerk's letter further directed counsel to provide the Court with current contact information and a mailing address for appellant. On September 27, 2018, counsel responded that she had not sent appellant the required letter because there is no indication in the trial court record of appellant's address and the telephone number trial counsel gave her for appellant's mother is incorrect. Counsel did not describe any other efforts to find her client.

An appellant who fails to keep her attorney informed of her current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se response. *In re Schulman*, 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008) (citing *Gonzales v. State*, 903 S.W.2d 404, 405 (Tex. App.—Texarkana 1995, no pet.). In finding that an appellant has forfeited the right to participate in the *Anders* process, however, courts generally describe the reasonable investigations appellate counsel made to try to find his or her client. *See*, *e.g.*, *Gonzales*, 903 S.W.2d at 405 (counsel was unable to locate appellant even with the assistance of law enforcement and prison officials); *Tavera v. State*, No. 03-13-00102-CR, 2014 WL 4536534, at *1 (Tex. App.—Austin Sept. 12, 2014, no pet.) (not designated for publication) (counsel was unable to find appellant, who had been deported to remote section of Mexico, even with assistance of appellant's family); *Maxwell v. State*, No. 08-00-00420-CR, 2001 WL 665581 (Tex. App.—El Paso June 14, 2001, no pet.) (counsel could not locate appellant because appellant was discharged from prison without providing forwarding address, counsel had no names or addresses of any relatives, and appellant's only listed address was a motel room).

Accordingly, we **ORDER** appellate counsel to perform, within **TEN DAYS** of the date of this letter, a reasonable investigation to determine if appellant can be located and contacted regarding her appeal. Such an investigation may include determining whether appellant has a listed telephone number, contacting trial counsel to determine if trial counsel has other address information on appellant or appellant's relatives, and contacting appellant's community supervision officer to determine if the officer has an address for appellant.[1]

If counsel is able to locate appellant, we **ORDER** appellate counsel to transmit to appellant copies of the motion to withdraw, the *Anders* brief, and the letter informing appellant

---

[1] We note that during the motion to suppress hearing, appellant testified she lives in Grand Prairie "on the corner of Grand Prairie Road and Center."

of her rights and then file a letter with the Court, within **FOURTEEN DAYS** of the date of this letter, verifying that she has transmitted the motion, brief, and letter of rights to appellant.

If appellate counsel is unable to locate appellant after a reasonable investigation, we **ORDER** appellate counsel to file, within **FOURTEEN DAYS** of the date of this letter, a letter setting forth what efforts appellate counsel undertook to locate appellant.

/s/    CRAIG STODDART
JUSTICE