

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00175-CR

**REGINALD KEITH THOMAS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2014-290-C1

## O R D E R

On January 11, 2019 Appellant's request for an extension of time to file his response to a motion to withdraw and a supporting *Anders* brief was filed in this appeal. Appellant had requested 90 additional days because his access to the law library where he is in prison, and his legal knowledge, is limited. The document was not properly served. *See* TEX. R. APP. P. 9.5. The Clerk of this Court does not accept service for the McLennan County District Attorney. Nevertheless, we used Rule 2 to proceed to a timely disposition of appellant's request. *Id*. 2.

In an order issued on January 23, 2019, we noted that because appellant need not file a formal brief which contains specific references to the record or case authorities but only a response to counsel's motion to withdraw and *Anders* brief, appellant's response would be sufficient if it directed the Court to the issues upon which appellant believed the trial court erred. Further, we noted that in conducting its review of the entire record for possible error, the Court would give special attention to the issues to which the Court was directed by appellant's response. Thus, if the Court was persuaded that an issue was not frivolous and might support an argument for error, then the Court would remand the appeal to the trial court for the appointment of new counsel to fully brief the issue. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008).

Accordingly, because the form of a response to an *Anders* brief is relatively less restrictive in nature than that which is necessary for a formal brief, appellant's motion for extension of time to file his response was granted only in part. Appellant's response was ordered to be filed within 35 days from the date of the order. That made the due date February 27, 2019.

Notwithstanding our observations and ruling, on February 21, 2019, appellant filed another motion, the Second motion, for extension of time. He titled the motion as the "First" motion for extension of time and ignored the earlier motion and the order, which granted his first motion in part, other than he recalculated the due date of his response. In the Second motion, he again requested a 90 day extension. In the Second motion, he not only asserted that it was the first motion, but he also gave the same reasons previously stated and did not explain any change in circumstances, progress made or

lack thereof, or provide additional reasons to justify his request for an additional 90 days to file his response. His Second motion was also not properly served in that he served the Clerk of this Court rather than the parties to the appeal. *See* TEX. R. APP. P. 9.5.

On February 26, 2019, appellant's Second motion was granted. It should not have been. Appellant's misrepresentations to the Court, which initially went unnoticed and were accepted, have not gone undetected. Accordingly, the Court's February 26, 2019 order is withdrawn. Appellant's Second motion for extension of time, filed on February 21, 2019, is **denied**. Appellant's response to his counsel's motion to withdraw and *Anders* brief in support thereof **must be filed on or before 14 days** from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Letter order withdrawn
Motion denied
Order issued and filed March 13, 2019

