

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LEONARD JOHNSON JR., | § | No. 08-23-00309-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 13 |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC#675115) |

## MEMORANDUM OPINION

A jury found Appellant Leonard Johnson guilty of the crime of terroristic threat, family/household. The trial court assessed punishment at nine months' confinement in the Bexar County Jail.[1]

## I. COUNSEL'S ANDERS BRIEF

Appellant filed a notice of appeal, and his court-appointed counsel thereafter filed a brief stating that she had conducted a thorough review of the record and determined the appeal was wholly frivolous and without merit under the standards set forth in *Anders v. California*, 386 U.S.

---

[1] This case was transferred from our sister court in San Antonio, and we decide it in accordance with the precedent of that court to the extent required by Tex. R. App. P. 41.3.

738, 744 (1967). The State then filed a waiver of its right to file a response to counsel's *Anders* brief.

As required by the Texas Court of Criminal Appeals, in conjunction with filing the *Anders* brief, Appellant's attorney contemporaneously filed a motion to withdraw as Appellant's counsel. She filed a certificate of counsel stating that she had mailed Appellant copies of the *Anders* brief and her motion to withdraw; that she had sent a letter to Appellant advising him of his rights to review the appellate record, to file a pro se brief, and to seek discretionary review in the Court of Criminal Appeals if this Court were to affirm his conviction; that she had made Appellant aware of the process for obtaining the appellate record should he desire to do so; and that she had provided Appellant with this Court's address and a motion for pro se access to the appellate record that lacked only Appellant's signature and a date. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (an attorney filing an Anders brief must "(1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response, . . . (3) inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous. . . . [and] (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.").

Counsel served Appellant with the documents on June 17, 2024. To date, Appellant has not filed a pro se response to counsel's *Anders* brief, and he has not contacted the Court to obtain a copy of the appellate record.

## II. This Court's Review

We have reviewed counsel's brief and conclude that it satisfies the requirements of *Anders* by presenting a professional evaluation of the record, with appropriate citations to the facts and pertinent legal authorities, to support her conclusion that there are no arguable grounds for appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). We have also conducted our own thorough review of the appellate record, including counsel's *Anders* brief, and we find nothing that would arguably support a meritorious appeal. Accordingly, we agree with counsel's professional assessment that the appeal is without merit, and we conclude that counsel has satisfied her duties under *Anders*.

## III. FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself, Appellant may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days after either the day this Court's "judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2. The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

3

## IV.  Conclusion

We grant counsel's motion to withdraw in accordance with *Anders v. California*, and we affirm the trial court's judgment supporting Appellant's conviction.


LISA J. SOTO, Justice


July 29, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)