COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MARYANNE SHIPLEY, | § | No. 08-24-00105-CR |
| Appellant, | § | Appeal from the |
| v. | § | 433rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Comal County, Texas |
| Appellee. | § | (TC# CR2018-292D) |

## <u>MEMORANDUM OPINION</u>

A jury found Appellant Maryanne Shipley guilty of capital murder by retaliation. Tex. Penal Code Ann. § 19.03(a)(2). The trial court assessed punishment at life imprisonment in the institutional division of the Texas Department of Criminal Justice.[1]

## I.    COUNSEL'S *ANDERS* BRIEF

Appellant filed a notice of appeal, and her court-appointed counsel thereafter filed a brief stating that he had conducted a thorough review of the record and determined the appeal was wholly frivolous and without merit under the standards set forth in *Anders v. California*, 386 U.S.

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

738, 744 (1967). The State waived its right to file a response. Appellant requested a copy of the appellate record in order to file a pro se response, but no pro se response has been received.

As required by the Texas Court of Criminal Appeals, in conjunction with filing the *Anders* brief, Appellant's attorney contemporaneously filed a motion to withdraw as Appellant's counsel. He filed a certificate of counsel stating that he had mailed Appellant copies of the *Anders* brief and a motion to withdraw; that he had sent a letter to Appellant advising her of her rights to review the appellate record, file a pro se brief, and seek discretionary review in the Court of Criminal Appeals if this Court were to affirm her conviction; that he had made Appellant aware of the process for obtaining the appellate record should she desire to do so; and that he had provided Appellant with this Court's address and a motion for pro se access to the appellate record that lacked only Appellant's signature and a date. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (an attorney filing an *Anders* brief must "(1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response, . . . (3) inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous . . . [and] (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes").

## II. THIS COURT'S REVIEW

We have reviewed counsel's brief and conclude that it satisfies the requirements of *Anders* by presenting a professional evaluation of the record, with appropriate citations to the facts and pertinent legal authorities, to support counsel's conclusion that there are no arguable grounds for appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel finds none, but it

2

must provide record references to the facts and procedural history and set out pertinent legal authorities."). We have also conducted our own thorough review of the appellate record, and we find nothing that would arguably support a meritorious appeal. Accordingly, we agree with counsel's professional assessment that the appeal is without merit, and we conclude that counsel has satisfied his duties under *Anders*.

## III. FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing herself, Appellant may ask the Court of Criminal Appeals to review her case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days after the day this Court's "judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2. The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

## IV. CONCLUSION

We grant counsel's motion to withdraw in accordance with *Anders*, and we affirm the trial court's judgment supporting Appellant's conviction.

LISA J. SOTO, Justice

December 9, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

3