

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,532

### EX PARTE JOSE LUIS PARRA-TELLES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 07-07-07326-CR(1) IN THE 284TH JUDICIAL DISTRICT COURT FROM MONTGOMERY COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while intoxicated and sentenced to thirty-five years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Parra-Telles v. State*, No. 09-08-00064-CR (Tex. App. – Beaumont, February 25, 2009).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed, and of his

right to petition this Court for discretionary review *pro se.*

Appellate counsel filed an affidavit with the trial court, in which he states that he advised Applicant of his right to petition this Court for discretionary review by way of a letter in which he also informed Applicant that he was filing an *Anders* brief, and of Applicant's right to file a *pro se* response. Appellate counsel states that Applicant was advised of the court of appeals' decision and sent a copy of the appellate opinion by the court of appeals. However, there is nothing in the record to indicate when or how Applicant was advised of the court of appeals' decision and opinion. This Court has noted that the duty to send the client a copy of the court of appeals's decision "exists after the court of appeals has granted counsel's motion to withdraw. This informational duty could have been placed upon the appellate courts themselves, but because counsel is usually better informed about his former client's whereabouts, it has been placed on his shoulders." *In re Schulman*, 252 S.W.3d 403, 412 n.32 (Tex. Crim. App. 2008). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Ninth Court of Appeals in Cause No. 09-08-00064-CR that affirmed his conviction in Case No. 07-07-07326-CR(1) from the 284th Judicial District Court of Montgomery County. Applicant shall file his petition for discretionary review with the Ninth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: April 6, 2011
Do not publish