

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00017-CR

_____

NEIL E. LAWRENCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 66,650-E, Honorable Douglas Woodburn, Presiding

May 8, 2014

## ON ABATEMENT AND REMAND

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Neil E. Lawrence was convicted of possession of marijuana in an amount of 2,000 pounds or less but more than fifty pounds. After a punishment hearing before the trial court, he was sentenced to eight years confinement and fined $1,000.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein she certified that, after diligently searching the record, she

---

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

concluded that the appeal was without merit. Along with her brief, appellate counsel filed a copy of a letter sent to appellant informing him of her belief that there was no reversible error and of appellant's right to file a response *pro se*. By letter, this Court also notified appellant of his right to file his own brief or response by May 28, 2014, if he wished to do so.

In addition to counsel's review of the record, this Court is required to conduct our own review to assess the accuracy of counsel's conclusions and to uncover any arguable issues pursuant to *Stafford v. State*, 813 S.W.2d 508 (Tex. Crim. App. 1991) and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008). We note that although appellate counsel represents that appellant pled guilty, we do not find that plea in either the clerk's or reporter's records, and the judgment reflects that appellant pled "not guilty" and was convicted after a bench trial. In the reporter's record, appellant represented to the trial court that, if he was to lose at the suppression hearing, he would "likely" plead guilty. However, prior to commencement of that hearing, the indictment was read, and appellant pled "not guilty." At the conclusion of the hearing, the court denied the suppression motion and found appellant guilty.

Furthermore, the suppression hearing involved the issue of whether the officer had reasonable suspicion after a traffic stop to detain appellant approximately 37-40 minutes in order for a drug dog to arrive after appellant had refused consent to search his vehicle.

We conclude that arguable grounds for appeal exist. We next grant counsel's motion to withdraw, abate this proceeding, and remand to the trial court for appointment of new counsel. The latter is directed to brief any arguable issues counsel may

2

uncover, including 1) the sufficiency of the evidence underlying the conviction, 2) the propriety of conducting the suppression hearing and bench trial in one hearing, and 3) the propriety of the decision to deny the motion to suppress. The trial court shall include in its order appointing counsel the name, address, telephone number, and state bar number of the new attorney and cause its order appointing new counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by June 9, 2014. Appellant's brief shall be due thirty days from the date of the trial court's appointment of new counsel.

It is so ordered.

Per Curiam

Do not publish.