

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00114-CR

ROBERT EMMANUEL DIGMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 24,202-C, Honorable Abe Lopez, Presiding

May 29, 2014

## ON ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Robert Emmanuel Digman appeals his conviction for two counts of indecency with a child by exposure[1] and resulting sentences on each count of five years' confinement in prison. Appellant's court-appointed appellate counsel has filed a motion to withdraw from representation supported by an *Anders*[2] brief. By his brief,

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(2)(A),(B) (West 2011).

[2] *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

counsel certifies that in his professional opinion the appeal "is without merit and frivolous because the record reflects no reversible error." On receipt of a court-appointed attorney's motion to withdraw supported by an *Anders* brief, we independently review the entire record to assess the accuracy of counsel's conclusions and to uncover any arguable issues pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) and *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008). In his *Anders* brief, counsel discusses four potential issues but concludes each lacks merit.

Counsel's brief does not mention the law's requirement that the jury be unanimous in its verdicts. Count two of the indictment contained two paragraphs, one alleging appellant caused exposure of the genitals of a child younger than age seventeen and the other alleging appellant exposed his genitals to a child younger than age seventeen. In the jury charge, a single application paragraph pertaining to count two of the indictment disjunctively submitted the questions whether appellant caused exposure of the genitals of a child and whether appellant exposed his genitals to a child. A single verdict form asked whether appellant was guilty or not of indecency by exposure as alleged in count two of the indictment.

We conclude the record presents an arguable ground for appeal concerning possible jury charge error permitting appellant's conviction under count two by less than the unanimous verdict of the jury. If such error occurred, the question becomes whether as a result appellant sustained egregious harm.

We therefore grant counsel's motion to withdraw. The appeal is abated and remanded to the trial court for appointment of new counsel. Newly-appointed counsel

2

shall prepare and file an appellant's brief addressing the arguable issue we have identified as well as any other ground that might support reversal or modification of the judgment.

The trial court shall include in its order appointing counsel the name, address, telephone number, and state bar number of the new attorney and cause its order appointing new counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by June 30, 2014. Appellant's brief shall be due thirty days from the date of the trial court's appointment of new counsel.

It is so ordered.

Per Curiam

Do not publish.