

# Fourth Court of Appeals
## San Antonio, Texas

September 10, 2014

No. 04-14-00188-CR

Mike **DAVIS**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0287
Honorable Mary D. Roman, Judge Presiding

# O R D E R

 Appellant Mike Davis's court-appointed attorney has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. Counsel provided Davis with copies of the brief and motion to withdraw and explained to Davis his rights to review the record and file a pro se brief and to file a pro se petition for discretionary review if this court determines the appeal is frivolous. *See Kelly v. State*, No. PD-0702-13, 2014 WL 2865901 (Tex. Crim. App. June 25, 2014). Counsel's letter advised Davis to immediately file a motion in this court if he wished to review the appellate record and enclosed a form motion for this purpose. *See id.* No timely request for record was filed in this court.

 If appellant desires to file a pro se brief, we **order** that he do so on or before **October 10, 2014**. The State has filed a notice waiving its right to file a brief in this case unless appellant files a pro se brief. If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court.

 We further **order** the motion to withdraw filed by appellant's counsel is held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) (holding that a motion to withdraw should not be ruled on before appellate court independently reviews the record to determine whether counsel's evaluation that the appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same); *see also Kelly*, 2014 WL 2865901 (appointed counsel's duties of representation do not cease when he files a motion to withdraw; counsel must continue to "act with competence, commitment and dedication to the interest of the client" until the court of appeals grants the motion). Accordingly, no new attorney will be appointed for appellant at this time.

We further **order** the clerk of this court to serve a copy of this order on appellant, his counsel, the attorney for the State, and the clerk of the trial court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of September, 2014.

_____
Keith E. Hottle
Clerk of Court