

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00305-CR

RODOLFO LUNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-4409-11-10, Honorable Edward Lee Self, Presiding

January 12, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Rodolfo Luna pled guilty to the offense of burglary of a building (a state jail felony) and was placed on deferred adjudication for four years. His community supervision was modified twice, but the State subsequently filed a motion to adjudicate his guilt. Appellant pled true to the allegations that he violated the terms and conditions of his community supervision, and the court revoked his probation. He was then adjudicated guilty and sentenced to two years confinement in a state jail facility and assessed a $3,000 fine.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief in which he certified that, after diligently searching the record, he has concluded that the appeal is without merit. Attached to his brief is a copy of a letter sent to appellant informing appellant of counsel's belief that there was no reversible error and of his right to file a brief or response *pro se*. Counsel has further represented that he provided a copy of the appellate record to appellant. By letter, this court also notified appellant of his right to file a brief or response and set December 31, 2014, as the date to do so. No brief or response has been filed.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential issues for appeal including 1) appellant's waiver of his rights at the original plea hearing, 2) the sufficiency of the indictment and its invocation of the trial court's jurisdiction, 3) the modifications of appellant's probation, 4) the legality of the sentence, and 5) the sufficiency of the evidence to support the initial plea and the subsequent adjudication of guilt. After doing so, he explained why there was no reversible error.

We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review failed to reveal arguable error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).