COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Apolinar Marquez Camposano v. The State of Texas

Appellate case number:     01-15-00041-CR

Trial court case number:    08-05-04380-CR

Trial court:                284th District Court of Montgomery County

Appellant's court-appointed counsel has filed a motion to withdraw and appellate brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).[1]   While counsel's *Anders* brief cover page has the correct appellate cause number, it lists a different trial court cause number and trial court than the ones listed above taken from the notice of appeal. *See* TEX. R. APP. P. 9.4(g), (k).

Also, although counsel's motion states that he forwarded a copy of the motion and *Anders* brief to the appellant, counsel has not filed a separate cover letter or notice in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).  Under *Kelly*, appointed counsel must "(1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in

---

[1]     Pursuant to the Texas Supreme Court's docket equalization powers, this appeal was transferred from the Ninth Court of Appeals to this Court on January 8, 2015. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2014); Order Regarding Transfer of Cases From Courts of Appeals, Misc. Docket No. 14-9246 (Tex. Dec. 15, 2014).

order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Michael Corey Young, to file an amended *Anders* brief, correcting only the trial court cause number and trial court, and to mail a cover letter to appellant in accordance with *Kelly*. *See* TEX. R. APP. P. 9.4(g); *Kelly*, 436 S.W.3d at 319-20. We further **order** appellant's appointed counsel to file a notice with the Clerk of this Court "that he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, [and] (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record (and the mailing address for the court of appeals), to be filed within ten days, so that he may timely effectuate that right, if he so choose." *Kelly*, 436 S.W.3d at 319. Because the Clerk of this Court will mail appellant a form *pro se* motion for access to the appellate record, counsel does not need to send the form motion to his client, but should notify his client as provided above.

Counsel shall file the amended *Anders* brief and the required *Kelly* notice with the Clerk of this Court and send the required updated letter to his client, with the amended *Anders* brief, within **10 days** of the date of this order or this Court may strike the brief. *See* TEX. R. APP. P. 9.4(k).

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
                   ☒ Acting individually

Date: June 16, 2015