ACCEPTED
14-15-00118-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 1:13:36 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00118-CR
IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 1:13:36 PM
CHRISTOPHER A. PRINE
Clerk

CHRISTOPHER RASHAD FRAZIER
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1410778
228th District Court of Harris County, Texas
Honorable Marc Carter, Presiding

BRIEF FOR APPELLANT

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

CHERI DUNCAN
Assistant Public Defender
Texas Bar No. 06210500
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
cheri.duncan@pdo.hctx.net
**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                  Christopher Rashad Frazier
                                            TDCJ# 01977867
                                            Garza West Unit, TDCJ
                                            4250 Highway 202
                                            Beeville, TX 78102-8982


TRIAL PROSECUTOR:                           Paul Fortenberry
                                            Assistant District Attorney
                                            Harris County, Texas
                                            1201 Franklin, Suite 600
                                            Houston, TX 77002


DEFENSE COUNSEL AT TRIAL:                   Joseph Philip Scardino
                                            Attorney at Law
                                            1004 Congress, 2nd Floor
                                            Houston, TX 77002


PRESIDING JUDGE:                            Hon. Marc Carter
                                            228th District Court
                                            Harris County, TX
                                            1201 Franklin 16th Floor
                                            Houston, TX  77002


COUNSEL ON APPEAL FOR APPELLANT:            Cheri Duncan
                                            Assistant Public Defender
                                            Harris County, TX
                                            1201 Franklin, 13th Floor
                                            Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.............................................................................II

TABLE OF CONTENTS..................................................................................................III

INDEX OF AUTHORITIES ............................................................................................V

STATEMENT OF THE CASE ......................................................................................... 1

ISSUE PRESENTED...................................................................................................... 1

> **COURT-APPOINTED COUNSEL BELIEVES THE APPEAL IN THIS CASE IS FRIVOLOUS, SINCE THERE ARE NO ARGUABLE GROUNDS FOR APPEAL FROM THE TRIAL COURT'S ADJUDICATION OF GUILT AND IMPOSITION OF SENTENCE.**

STATEMENT OF FACTS................................................................................................ 1

SUMMARY OF THE ARGUMENT .................................................................................. 2

ARGUMENT................................................................................................................ 2

    1. SUFFICIENCY OF THE INDICTMENTS OR MISDEMEANOR INFORMATION....... 3

    2. ANY ADVERSE PRETRIAL RULINGS, INCLUDING BUT NOT LIMITED TO RULINGS ON MOTIONS TO SUPPRESS, MOTIONS TO QUASH, AND MOTIONS FOR SPEEDY TRIAL ............................................................................................ 3

    3. COMPLIANCE WITH TEX. CODE CRIM. PROC. ART. 26.13 AND *PADILLA*...... 4

    4. WHETHER THE ISSUE OF COMPETENCY WAS RAISED BEFORE SENTENCING SO AS TO WARRANT AN INQUIRY BY THE COURT, AND WHETHER APPELLANT WAS COMPETENT WHEN COURT ACCEPTED THE PLEA ........................................... 5

    5. WHETHER APPELLANT'S PLEA WAS FREELY AND VOLUNTARILY MADE ........ 5

    6. ANY ADVERSE RULINGS DURING THE SENTENCING HEARING ON OBJECTIONS OR MOTIONS ................................................................................................ 5

    7. ANY FAILURE OF TRIAL COUNSEL TO OBJECT TO FUNDAMENTAL ERROR .... 6

8. ANY ADVERSE RULINGS DURING PUNISHMENT PHASE ..................................6

9. WHETHER THE SENTENCE WAS WITHIN THE APPLICABLE PUNISHMENT RANGE....................................................................................................6

10. WHETHER THERE IS SUFFICIENT EVIDENCE TO SUPPORT A GUILTY PLEA IN A FELONY CASE.......................................................................................7

11. WHETHER DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL8

12. OTHER MATTERS INVESTIGATED AND FOUND TO LACK MERIT....................9

PRAYER ....................................................................................................9

CERTIFICATE OF SERVICE ............................................................................10

CERTIFICATE OF COMPLIANCE .....................................................................10

# INDEX OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ........................... 2

*Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002) ............................................. 8

*Ex parte Varelas*, 45 S.W.3d 627 (Tex. Crim. App. 2001) ........................................ 8

*In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) ........................................ 2

*Lackey v. State*, 2010 WL 307912 *2 (Tex. App. – Houston [14th Dist.]) (mem. op., not designated for publication) ....................................................................... 8

*Padilla v. Kentucky,* 559 U.S. 356 (2010) ................................................... 4

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................ 8

**Statutes**

TEX. CODE CRIM. PROC. ART. 1.051 .......................................................... 8

TEX. CODE CRIM. PROC. ART. 26.13 .......................................................... 4

TEX. PENAL CODE § 12.32 .................................................................... 6

TEX. PENAL CODE § 29.03(a) ................................................................. 3

TEX. PENAL CODE § 29.03(b) ................................................................. 6

## STATEMENT OF THE CASE

Christopher Rashad Frazier was indicted for aggravated robbery after he confessed to being a party to a robbery in the parking lot of the apartment complex where he lived.

The trial court sentenced Mr. Frazier to twenty-five years in prison after a presentence investigation, and entered judgment on January 12, 2015 (CR at 28). The judgment erroneously reflected that Mr. Lopez waived his right to appeal. However, the trial court entered a second Trial Court's Certification of Defendant's Right of Appeal that correctly said this was not a plea-bargain case and Mr. Frazier had the right to appeal (CR at 36).

## ISSUE PRESENTED

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the trial court's adjudication of guilt and imposition of sentence.**

## STATEMENT OF FACTS

The presentence report said that Mr. Frazier and his co-actor, Keith Dillingham agreed to commit a robbery, and took air guns to use. During the offense, however, Mr. Dillingham found a real gun in the glovebox of the complainant's car. He took it as they fled. When the complainant chased the two men, Mr. Dillingham fired the real gun several times at the complainant. The complainant died as a result of his injuries (RR 2 at PSI page 3).

1

## SUMMARY OF THE ARGUMENT

Counsel has thoroughly reviewed the record and concluded that there are no meritorious grounds for appeal from the judgment against Mr. Frazier. Therefore, counsel seeks leave to withdraw from representing him. Counsel has filed, along with this brief, a motion to withdraw.

## ISSUE PRESENTED

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the appellant's adjudication of guilt.**

## ARGUMENT

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds, following a professional, conscientious evaluation of the record, that a case is wholly frivolous, her obligation to her client is to seek leave to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that a complete review of the record has been done and that the request to withdraw is well-founded. *Id.*

Counsel has evaluated the record in this case in light of this Court's Anders Guidelines.

## 1. Sufficiency of the indictment or misdemeanor information

An indictment needs to be sufficient to confer subject-matter jurisdiction on the trial court. This one was. It charged Mr. Frazier with aggravated robbery with a deadly weapon, a first-degree felony offense. The elements of this offense are:

1. A person
2. in the course of committing theft
3. with intent to obtain or maintain control of the property
3. intentionally, knowingly, or recklessly
4. uses or exhibits a deadly weapon.

TEX. PENAL CODE § 29.03(a).

The indictment alleged: "(I)n Harris County, Texas, CHRISTOPHER RASHAD FRAZIER … on or about August 6, 2012, did then and there unlawfully, while in the course of committing theft of property owned by Alexander Segura, and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to Alexander Segura, and the Defendant did then and there use and exhibit a deadly weapon, namely a firearm." (CR at 11). The indictment, then, described each element of the alleged offense with sufficient specificity to invoke subject-matter jurisdiction in the felony district court.

## 2. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial

Trial counsel did not file any pretrial motions, except a motion for community supervision (CR at 10). Mr. Frazier signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession (CR at 15). He agreed to plead guilty without a

recommended sentence (CR at 16). Mr. Frazier was under arrest and warned of his rights before making a statement to police. His statement appears to have been freely and voluntarily given. No other evidence appears to have been illegally obtained, or otherwise subject to suppression. The record does not appear to support a motion to suppress.

There were no limitations or speedy trial issues. The offense occurred on August 6, 2012 (CR at 5). The case was indicted on December 6, 2013 (CR at 5). The Appellant pleaded guilty on August 5, 2014 (CR at 16).

3.    **Compliance with TEX. CODE CRIM. PROC. ART. 26.13 and *Padilla***

The plea hearing is not on the record, but Mr. Frazier signed a written admonishment form which included the following:

- An explanation that the range of punishment was "a term of life or any term of not more than 99 years or less than 5 years…"

- Explanations that any recommendation of the prosecuting attorney is not binding on the court; that if there is any plea bargain agreement, the court will inform the defendant in open court whether it will follow the agreement; that the court will permit the defendant to withdraw his plea if it rejected any plea bargain agreement;

- An explanation that if the court's punishment does not exceed the plea agreement, the court must give permission for an appeal, except for matters raised by the defendant in written pretrial motions;

- An explanation that if the defendant is not a citizen of the United States, a plea of guilty for this offense may result in his deportation

4

or his exclusion from admission to this county [sic], or his denial of naturalization under federal law.

(CR at 19). Nothing in the record suggests that the trial court did not properly admonish him about his rights.

4.      **Whether the issue of competency was raised before sentencing so as to warrant an inquiry by the court, and whether appellant was competent when court accepted the plea**

The record does not show any motions for competency evaluation, nor any sua sponte court order for a competency evaluation. Mr. Frazier initialed the box on the admonishment form that said he was mentally competent and understood the nature of the charge against him and the trial court's admonishments (CR at 19). His counsel signed a statement on the plea form that he believed him competent to stand trial (CR at 16). The trial judge affirmed that he ascertained that he appeared to be mentally competent (CR at 16). Based on this record, and Mr. Frazier's apparent competency at the punishment hearing, during which he testified briefly, appellate counsel cannot argue that there was any potential competency issue below.

5.      **Whether appellant's plea was freely and voluntarily made**

Mr. Frazier's counsel said that he believed Mr. Frazier executed the plea of guilty knowingly and voluntarily (C.R. at 16). The trial judge also signed a statement that he ascertained that Mr. Frazier entered the plea knowingly and voluntarily after discussing

the case with his attorney (C.R. at 16). Nothing in the record suggests that the plea was not made freely and voluntarily.

## 6. Any adverse rulings during the sentencing hearing on objections or motions

Mr. Frazier filed a motion for community supervision (C.R. at 25). He had never been convicted of a felony, nor placed on community supervision for a felony. At sentencing, however, the court did not place Mr. Frazier on community supervision. Instead, the judge imposed a 25-year prison sentence (1 RR at 9). This was within the court's discretion.

## 7. Any failure by trial counsel to object to fundamental error

Appellate counsel has combed the record for fundamental error, but has found none. There was nothing for trial counsel to object to.

## 8. Whether sentence was within the applicable punishment range

Aggravated robbery with a deadly weapon is a first-degree felony. TEX. PENAL CODE § 29.03(b). This made the punishment range 5-99 years or life and a fine not to exceed $10,000.00. *See* TEX. PENAL CODE § 12.32. Therefore, the twenty-five-year punishment Mr. Frazier received was within the applicable range of punishment. Further, it was half as long as the 50-year sentence his co-defendant received after pleading guilty (2 RR at 7). Additionally, the trial court received three victim impact statements from family members of the complainant. All asked the court to impose the maximum sentence (2 RR at 25).

**9. Whether the written judgment accurately reflects the sentence imposed and whether any credit was properly applied**

The written judgment accurately reflects a conviction for aggravated robbery with a deadly weapon and describes the offense as a first-degree felony (CR at ). The judgment reflects the twenty-five-year sentence the judge announced at the hearing. It also reflects that Mr. Frazier was to be credited for time served from December 5, 2013 to January 12, 2015 (C.R. at 28).

Although the offense occurred on Aug 6, 2012, police did not arrest anyone until October 25, 2012, when they arrested Mr. Dillingham after touch DNA taken from one of the air soft pistols at the scene was matched to his DNA (2 RR at PSI page 6). On October 18, 2013, Mr. Dillingham was set for trial. Instead, he agreed to give a full confession and implicate Mr. Frazier (2 RR at PSI page 7). A court issued a warrant for Mr. Frazier's arrest. Then, on December 6, 2013, police learned that Mr. Frazier had been arrested on an unrelated drug charge the previous day, and brought him in for questioning on this offense (2 RR at PSI page 8).

Based on this record, it appears that the trial court properly applied credit for jail time to Mr. Frazier's judgment and sentence from the date of his arrest to the date of sentencing.

**10. Whether there is sufficient evidence to support a guilty plea in a felony case**

A guilty plea is some evidence, for purposes of determining whether there is a complete lack of evidence to support a conviction. *See Nix v. State*, 65 S.W.3d 664, 668

(Tex. Crim. App. 2001). Mr. Frazier's signed Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession provided sufficient evidence to support his guilty plea to the offense of aggravated robbery with a deadly weapon. The presentence investigation report, which was admitted as an exhibit at the punishment hearing, included summaries of confessions by Mr. Frazier and his co-defendant, who implicated him in the incident. Mr. Frazier did not object to the PSI in general, or to any statements within it. It must be assumed, then, that the summaries were accurate.

**11.     Whether defendant was denied effective assistance of counsel**

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington,* which dictates that a defendant is entitled to "reasonably effective assistance." 466 U.S. 668, 687 (1984). Allegations of ineffectiveness of counsel must be firmly rooted in the record. *See Bone v. State,* 77 S.W.3d 828, 833 & n. 13 (Tex. Crim. App. 2002). When the record is silent, a reviewing court may not speculate to find trial counsel ineffective. *See Ex parte Varelas,* 45 S.W.3d 627, 632 (Tex. Crim. App. 2001).

Court-appointed counsel must represent the client in all adversary proceedings that could possibly result in confinement. TEX. CODE CRIM. PROC. ART. 1.051. Mr. Frazier was represented by counsel when he entered his guilty plea, and at the punishment hearing. There were no other adversary proceedings in this case. During the hearing, counsel gave a brief closing argument and asked the court for leniency in light of his client's remorse, work history, and secondary role in the offense (1 RR at 8).

There is no evidence that counsel erroneously advised Mr. Frazier to plead guilty. *See Lackey v. State*, 2010 WL 307912 *2-3 (Tex. App. – Houston [14th Dist.], Jan. 28, 2010, no pet.) (mem. op., not designated for publication). Even if there had been evidence about counsel's advice to his client, the State's evidence included a confession from Mr. Frazier, in addition to Mr. Dillingham's statement implicating Mr. Frazier (2 RR at PSI page 8). Given this, appellate counsel cannot argue that Mr. Frazier should not have entered a plea of guilty. It does not appear from the record that trial counsel was ineffective.

## 12. Other matters investigated and found to lack merit

After reviewing the record and conferring with Mr. Frazier, appellate counsel could identify no other matters to investigate.

**PRAYER**

Counsel prays that she be allowed to withdraw from representing Mr. Frazier in this case, and that Mr. Frazier be given the opportunity to file his own brief.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas
*/s/ Cheri Duncan*

_____

**Cheri Duncan**
Assistant Public Defender
Texas Bar No. 06210500
1201 Franklin, 13th floor

Houston Texas 77002
(713) 368-0016 telephone
(713) 437-4318 e-fax
cheri.duncan@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of this brief was served electronically on the Harris County District Attorney's Office on July 8, 2015.

*/s/ Cheri Duncan*

_____

Cheri Duncan

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Rule 9.2, TEX. R. APP. PROC. It was prepared on a computer using 14-point Garamond type. It contains 1,958 words that are subject to the limits imposed by Rule 9.2.

*/s/ Cheri Duncan*

_____

Cheri Duncan