

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00188-CR

JOSHUA PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A18928-1109, Honorable Robert W. Kinkaid, Jr., Presiding

November 16, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Joshua Pena, appellant, was charged with debit card abuse, a state jail felony. After pleading guilty to that offense, he was sentenced to 15 months in a state jail facility and fined $2000. The sentence, however, was suspended, and appellant was placed on community supervision for three years. Subsequently, the State initiated its first attempt to revoke appellant's community supervision; it resulted in the trial court extending the term of appellant's time on community supervision. A second motion to revoke was later filed by the State and served on appellant. In response, appellant pled

true to the allegations therein. Ultimately, the trial court granted this motion, revoked appellant's community supervision, and sentenced him to 15 months in a state jail facility and assessed a $2000 fine. Appellant appealed.

Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief. Through those documents, he certifies to the court that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a response, *pro se,* to counsel's *Ander's* brief. By letter dated October 5, 2015, this court also notified appellant of his right to file his own brief or response by November 4, 2015, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal which included the sufficiency of the evidence to revoke probation, sufficiency of the court's admonishments prior to accepting appellant's guilty plea, procedural issues with the revocation process, and range of punishment issues. However, he then explained why the issues lacked merit.

In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). No issues of arguable merit were uncovered, however.

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Accordingly, the motion to withdraw is granted and the judgment is affirmed.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.