

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00211-CR

DAVID LEE STONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 67,842-A, Honorable Dan L. Schaap, Presiding

November 18, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

David Lee Stone, appellant, appeals his conviction for injury to a child. Appellant pled guilty without the benefit of a plea agreement. Testimony was heard by the trial court and punishment was assessed at twenty years in prison. Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

belief that there was no reversible error and of appellant's right to file a *pro se* response. So too did he represent that the appellate record was provided to appellant. By letter dated October 13, 2015, this court also notified appellant of his right to file his own brief or response by November 12, 2015, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed one potential area for appeal which involved prosecutorial misconduct. However, he then explained why the issue lacked merit.

In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concurred with counsel's conclusions.

Accordingly, the motion to withdraw is granted and the judgment is affirmed.[2]

Brian Quinn
Chief Justice

---

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.