

# COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:     Melvin Lee Hightower v. The State of Texas

Appellate case number:   01-17-00714-CR

Trial court case number:   15-CR-0040

Trial court:             212th District Court of Galveston County

Appellant's court-appointed counsel prematurely submitted a motion to withdraw and appellate brief on October 23, 2017, before the clerk's record had been filed, concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). On October 27, 2017, the clerk's record was filed in this Court, completing the appellate records. *See* TEX. R. APP. P. 38.6(a)(1). Thus, the Clerk of this Court is **directed** to mark appellant's counsel's motion to withdraw and *Anders* brief as filed on October 27, 2017, and to mail the form motion for *pro se* access to the appellate record to the pro se appellant. *See id.* 27.2.


In addition, although counsel's motion states that he forwarded a copy of the motion and *Anders* brief to the appellant, and informed appellant of his right to file a response and seek discretionary review with the Texas Court of Criminal Appeals, counsel has not filed a separate cover letter or notice in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). Under *Kelly*, appointed counsel must "(1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to

review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Thomas A. Martin, to mail an updated cover letter to appellant, as noted above, in accordance with *Kelly. See Kelly*, 436 S.W.3d at 319-20. We further **order** appellant's appointed counsel to file a notice with the Clerk of this Court "that he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, [and] (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record (and the mailing address for the court of appeals), to be filed within ten days, so that he may timely effectuate that right, if he so choose." *Kelly*, 436 S.W.3d at 319. Because the Clerk of this Court will mail appellant a form *pro se* motion for access to the appellate record, which includes an extension request, counsel does not need to send another form motion to his client, but should notify his client as provided above.

Counsel shall file the required *Kelly* notice with the Clerk of this Court and send the required updated letter to his client within **10 days** of the date of this order. *See Kelly*, 436 S.W.3d at 319-20.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes _____

           ☑ Acting individually    ☐ Acting for the Court

Date: November 14, 2017 _____