

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER

Appellate case name:          Herman Alfredo Lopez v. The State of Texas

Appellate case number:    01-18-00358-CR

Trial court case number:  16-CR-2498

Trial court:                          212th District Court of Galveston County

Appellant's court-appointed counsel filed a brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel has not, however, filed a motion to withdraw from representation. If appointed counsel believes that an appeal is frivolous, counsel must request permission to withdraw. *See id.* An *Anders* brief must accompany a motion to withdraw, neither the brief nor the motion may be filed on its own. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008). Accordingly, we order appellant's appointed counsel, Zachary Maloney, to file with the Clerk of this Court within **7 days** of the date of this order a motion to withdraw that complies with Texas Rules of Appellate Procedure 6.5 and 9. *See* TEX. R. APP. P. 6.5, 9; *Schulman*, 252 S.W.3d at 410, 412.

Furthermore, counsel's *Anders* brief includes a certificate of service stating that the brief "can not be served on Appellant by certified mail" because "Appellant was paroled to Immigrations and Customs Enforcement for an immigration detainer" and "[h]is whereabouts are unknown." Counsel is ordered to state in his motion to withdraw any attempts to locate appellant. However, a defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the Anders brief and the right to file a pro se response. *In re Schulman*, 252 S.W.3d 403, 408 n. 21 (Tex. Crim. App. 2008) (citing *Gonzales v. State*, 903 S.W.2d 404, 405 (Tex. App.—Texarkana 1995, no pet.).

It is so ORDERED.

Judge's signature: _____/s/ Sarah B. Landau_____
                                          Acting individually

Date:  ___February 6, 2020___