

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00280-CR

---

DAMON TODD LUTHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 5308, Honorable Curtis W. Brancheau, Presiding

---

March 11, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Damon Todd Luther, appeals the judgment revoking his community supervision and sentencing him to six years' imprisonment. He originally pled guilty to the charged offense of tampering with evidence and was sentenced to a term of six years. The trial court suspended that sentence and placed him on "three years community supervision." Subsequently, the State moved to revoke his community supervision. After hearing the motion, the trial court found he had violated various conditions of his supervision and reassessed the original six-year prison term. Appellant now appeals.

Appellant's counsel filed a motion to withdraw together with an *Anders*[1] brief. Through those documents, he certifies to the Court that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a pro se response to counsel's *Anders* brief. So too did counsel provide appellant with "a hard copy of the appellate record including the Clerk's Record and the Reporter's Record." Appellant filed a response challenging the original charge of tampering.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal. They concerned 1) sufficiency of the evidence to support revocation, 2) whether a defense witness failed to show involuntarily, 3) trial court error in denying appellant's request to dismiss his court-appointed counsel, 4) ineffective assistance of counsel, and 5) punishment. However, he then explained why the issues lacked merit. We conducted our own review of the record and appellant's response to uncover any arguable error. This was done per *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) (en banc). No arguable issues were discovered.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[2]

Per Curiam

Do not publish.

---

[1] *See Anders v. California,* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.