

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | | |
|---|---|---|---|
| ERIC HARRIS, | § | No. 08-23-00045-CR | |
| Appellant, | § | Appeal from the | |
| v. | § | County Court at Law No. 2 | |
| THE STATE OF TEXAS, | § | of Bell County, Texas | |
| State. | § | (TC# MR2C1903597) | |

## <u>MEMORANDUM OPINION</u>

A jury found Appellant Eric Harris guilty of resisting arrest, search, or transportation, and the trial court assessed punishment of 300 days' incarceration. We affirm.[1]

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). Counsel has notified the Court in

---

[1] This case was transferred from our sister court in Austin, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

writing that he has delivered a copy of counsel's brief and the motion to withdraw to Appellant, and he has advised Appellant of his rights to review the record, file a pro se brief, and seek discretionary review. Counsel has also explained to Appellant the process for obtaining the appellate record and provided this Court's address and a motion for pro se access to the appellate record that lacks only Appellant's signature. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (an attorney filing an *Anders* brief must "(1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. . . . [and] (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes."). Appellant has not filed a pro se brief in over two months since defense counsel filed a brief and informed Appellant of his rights. *See In re Schulman*, 252 S.W.3d at 409 n.23.

After carefully reviewing the record and counsel's brief, we find nothing in the record that might arguably support the appeal. We conclude that the appeal is wholly frivolous and without merit. We grant appellate counsel's motion to withdraw in accordance with *Anders v. California* and affirm the trial court's judgment supporting Appellant's conviction.

LISA J. SOTO, Justice

Date June 29, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

2