**Opinion filed November 16, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00265-CR

_____

## JOEL JOHN VALDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. C-20-0726-CR**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Joel John Valdez, of two counts of the second-degree felony offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (f) (West Supp. 2023). The jury found that Appellant had a prior felony conviction and sentenced him to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice on each count. *See id.*

§ 12.42(b) (West 2019). At the guilt/innocence phase of trial, the State called multiple witnesses: the victim, L.R.; Appellant's ex-wife; L.R.'s mother; L.R.'s cousin; two law enforcement witnesses; Appellant's probation officer for his previous conviction for sexual assault of a child; A.B., who was the victim of the prior offense; and an expert regarding sexual assault victims and offenders. L.R. testified that she was fifteen years old when she and Appellant had sex. Appellant told L.R. that he was eighteen years old, but she later found out that he was twenty-four years old. During their relationship, L.R. had sex with Appellant "[m]ostly every day," including the dates alleged in the indictment. He forced L.R. to have sex sometimes when she did not want to. Photographs, video clips, and social media conversations between Appellant and L.R. were admitted at trial. L.R.'s mother testified that she found Appellant hiding in L.R.'s closet, and Appellant's ex-wife testified that she drove Appellant to L.R.'s house, and he told his ex-wife that he had to hide in the closet from L.R.'s parents. The judgment reflecting Appellant's prior conviction for sexual assault of a child was admitted, and the victim of that offense testified.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex.

2

Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

November 16, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.