**Opinion filed January 18, 2024**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00285-CR & 11-22-00286-CR

_____

## ISAAC JERALD JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause Nos. C-22-0520-CR & C-22-0521-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Isaac Jerald Jackson, was convicted of aggravated robbery, a first-degree felony, and unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (West 2019), § 46.04 (West Supp. 2023). The jury found an enhancement allegation to be "true" and assessed Appellant's punishment at eighty years' imprisonment in the Institutional Division of the Texas

Department of Criminal Justice and a $7,500 fine for the aggravated-robbery offense, and ten years' imprisonment and a $5,000 fine for the unlawful-possession-of-a-firearm offense. *See id.* § 12.42(b). The trial court sentenced him accordingly.

Appellant pled guilty before the jury to unlawfully possessing a firearm as a felon, and not guilty to the charge of aggravated robbery. At the guilt/innocence phase of trial, the State called five witnesses, including Liying Chen, who owned and worked at the Rose Garden Spa where Appellant entered on March 21, 2022 with a firearm and demanded money. The jury saw surveillance footage that showed Appellant striking, pistol whipping, and stomping on Chen while dragging her around the salon. The State presented photographs taken immediately after the robbery of Chen's bloody, swollen face and body; testimony was also presented that Appellant's fingerprints and palm prints were found at the scene.

Appellant testified that he was "out of [his] mind on Xanax" when he entered the Rose Garden Spa, and admitted that he "brutalized [Chen] because [his] judgment was clouded." He likewise agreed that he hit Chen with a firearm, but "was just trying to get [his] money back." The jury found him guilty of both offenses, and the State called four witnesses at the punishment phase, including two victims of a home burglary that Appellant committed in 2012. Appellant testified during the punishment phase, and called seven additional witnesses.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief and of his right to

file a petition for discretionary review. *See* TEX. R. APP. P. 68. Therefore, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


January 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.