

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00304-CR

---

EMILY MARIE MIRELES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 20-3373, Reed A. Filley, Presiding

---

February 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Emily Marie Mireles appeals the trial court's judgment by which she was adjudicated guilty of possession of a controlled substance (felony of the second degree), an offense for which she had originally been placed on three years deferred adjudication community supervision. The State moved to adjudicate guilt on several grounds. A hearing was held, after which the trial court granted the motion, adjudicated appellant guilty of possessing a controlled substance of more than four grams but less than 200, and levied a twenty-year prison sentence. She appealed and received appointed

counsel.  The latter filed a motion to withdraw supported by an *Anders* brief.[1]  We grant

counsel's motion to withdraw and affirm the judgment of the trial court.

In support of his motion to withdraw, counsel certified that he conducted a

conscientious examination of the record, and in his opinion, it reflected no arguable basis

for reversing appellant's conviction.  *See Anders*, 386 U.S. at 744–45; *In re Schulman*,

252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel explained why, under the

controlling authorities, the record supports that conclusion.  He further demonstrated that

he complied with the requirements of *Anders* and *In re Schulman* by 1) providing a copy

of the brief, motion to withdraw, and appellate record to appellant, 2) notifying appellant

of her right to file a pro se response, and 3) informing appellant of her right to file a pro

se petition for discretionary review.  *See In re Schulman*, 252 S.W.3d at 408.  By letter

dated December 27, 2023, this Court granted appellant an opportunity to exercise her

right to file a response to counsel's motion and brief by January 26, 2024.  To date,

appellant has not filed a response or otherwise communicated with the court.

We independently examined the record to determine whether there were any non-

frivolous issues supporting reversal as required by *In re Schulman*.  We found none.

Of concern, though, is that the same attorney represented appellant throughout

the proceeding.  That attorney served as counsel when appellant initially pleaded guilty

to the indictment and had the adjudication of her guilt deferred; when the State moved to

adjudicate guilt; when the trial court heard the motion, adjudicated guilt, and sentenced

appellant; and when appellant appealed therefrom.  We have no blanket rule requiring

that the trial court appoint different counsel to represent an appellant on appeal than the

---

[1] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

one appeared at trial.  *See Quinonez v. State*, No. 07-19-00149-CR, 2020 Tex. App. LEXIS 50, at *2 (Tex. App.—Amarillo Jan. 6, 2020, no pet.) (mem. op.) (per curiam) (and cases cited therein).  Yet, we have consistently said that **the better practice is to have different counsel**.  *Id.*  If nothing else, it affords one whose liberty has be taken from him or her the chance to have a pair of fresh eyes review the circumstances and engage in an independent analysis.  But, as said, there is no blanket rule, as yet; instead, we proceed on a case-by-case basis as in the past.  Moreover, our independent review of the short record at bar coupled with appellant's acknowledgements to violating one or more terms of her community supervision leaves to conclude that the circumstances here do not warrant an abatement for the appointment of new counsel.  **Nevertheless, we again stress that the better, more confidence-inspiring practice is to appoint counsel on appeal different from who was appointed at trial.**

So, after thoroughly reviewing the record and counsel's brief, we 1) agree that there is no plausible basis for reversal of appellant's conviction, 2) affirm the trial court's judgment, and 3) grant counsel's motion to withdraw.[2]


Brian Quinn
Chief Justice


Do not publish.

---

[2] Within five days after the date of this opinion, appellate counsel shall 1) send appellant a copy of the opinion and judgment and 2) inform appellant of her right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4.  This duty is only informational and ministerial.  It does not encompass or require the rendition of legal advice or further representation.