

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00196-CR

---

SHANNON DEE HARGUES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 5351, Honorable Curtis Brancheau, Presiding

---

April 12, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Shannon Dee Hargues appeals from the trial court's order revoking her deferred adjudication community supervision, adjudicating her guilty of the third-degree felony offense of tampering with or fabricating physical evidence, and imposing sentence of nine years imprisonment. Counsel initially appointed on appeal filed a motion to withdraw supported by an *Anders*[1] brief. This court evaluated counsel's motion and brief and

---

[1] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2 493 (1967).

determined there was an arguable issue. It then remanded the cause to the trial court for the appointment of new counsel.

Thereafter, newly appointed counsel also filed an *Ander*'s brief and motion to withdraw, representing that he found no non-frivolous issues warranting an appeal. In support of his motion, counsel certified that he conducted a conscientious examination of the record, and, in his opinion, the record reflected no non-frivolous error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *Schulman*, counsel discussed why, under the controlling authorities, the record presents no reversible error. So too did he address the earlier issue resulting in remand and appointment of new counsel. The capias establishing an element to the trial court's jurisdiction was included in a supplemental record.

Counsel further notified appellant of his motion to withdraw. So too did he provide her with a copy of the motion and the *Anders* brief and inform her of her right to file a pro se response.[2]  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). Appellant filed a pro se response.

We independently examined the record, including counsel's brief and the pro se response, to determine whether there are any non-frivolous issues upon which the appeal

_____

[2] Appellant had previously been provided a copy of the clerk's and reporter's records and informed of her right to file a petition for discretionary review.

may be predicated and found none.  Therefore, we grant counsel's motion to withdraw

and affirm the trial court's judgment.[3]


Brian Quinn
Chief Justice


Do not publish.

---

[3] Within five days after the date of this opinion, appellate counsel shall 1) send appellant a copy of the opinion and judgment and 2) inform appellant of her right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4.  This duty is only informational and ministerial.  It does not encompass or require the rendition of legal advice or further representation.