**Opinion filed May 9, 2024**



**In The**

# Eleventh Court of Appeals

_____

### No. 11-22-00329-CR

_____

### CHRISTOPHER ALLEN NEIGHBORS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-22-0103-CR**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Christopher Allen Neighbors, of two state jail felony offenses: possession of less than one gram of methamphetamine (Count One) and unauthorized use of a vehicle (Count Two). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West Supp. 2023); TEX. PENAL CODE ANN. § 31.07 (West 2016). The evidence at the guilt/innocence phase consisted of video footage of Appellant taking a company vehicle without permission or consent, a photograph of the drugs found at the jail, and testimony from several witness that revealed that:

Appellant did not have consent to drive the vehicle, methamphetamine was found on Appellant at the time of his arrest, and Appellant was discovered driving the stolen vehicle around the same time the theft occurred, only five or six hundred yards from the company property. Following a trial, the jury found Appellant guilty of both offenses.

During the punishment phase, Appellant pleaded "not true" to the State's two enhancement paragraphs, which alleged a prior felony conviction for unlawful possession of a firearm and a prior felony conviction for bail jumping and failure to appear. *See* PENAL § 38.10, § 46.04 (West Supp. 2023). The jury found both enhancements to be "true," thereby increasing the punishment range to that of a second-degree felony. *See id.* § 12.425(b) (West 2019). The jury assessed his punishment at five years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) with a $2,500 fine for Count One and five years' confinement in the Correctional Institutions Division of TDCJ with a $3,500 fine for Count Two. The trial court sentenced Appellant accordingly and ordered the sentences to run concurrently. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief and of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*,

436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw, and we affirm the judgments of the trial court.

W. BRUCE WILLIAMS

JUSTICE

May 9, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

3