**Opinion filed July 11, 2024**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-23-00127-CR & 11-23-00128-CR

_____

## JOSHUA TIJERINA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. D-19-1870-CR & D-19-2218-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Joshua Tijerina, pleaded guilty to the second-degree felony offense of aggravated assault causing serious bodily injury, and the first-degree felony offense of aggravated assault with a deadly weapon against a member of Appellant's family or household, or a person with whom Appellant has or has had a dating relationship. *See* TEX. PENAL CODE ANN. § 22.02(a)(1), (a)(2)–(b)(1)(A) (West

Supp. 2023); TEX. FAM. CODE ANN. §§ 71.0021(b), 71.003, 71.005 (West 2019). On July 19, 2022, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication for both offenses for a period of ten years. As conditions of community supervision, Appellant was required to follow all state and federal laws, report to his community supervision officer, complete an "Anger Program," and abstain from using alcohol and narcotics.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision, then amended it twice, alleging that Appellant committed sixteen violations of his community supervision in each case. On June 2, 2023, the trial court held a contested hearing on the State's second amended motion. During the hearing, the State abandoned five of the violations alleged, and Appellant pled "not true" to the remaining allegations. The State called five witnesses, including law enforcement and Appellant's community supervision officer, then Appellant's mother testified on his behalf. Upon the conclusion of the hearing, the trial court found nine of the violations alleged to be "true." The trial court adjudicated Appellant guilty, revoked his community supervision, assessed Appellant's punishment at confinement for twenty years in the Correctional Institutions Division of the Texas Department of Criminal Justice for the aggravated assault classified as a second-degree felony, and fifty years for the first-degree felony assault. The trial court re-pronounced a $50 fine in each case, court costs, and reimbursement fees.

Appellant's court-appointed counsel has filed motions to withdraw in this court. The motions are supported by briefs for each cause in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the briefs, a copy of the motions to withdraw, an

2

explanatory letter, and a copy of both the clerk's records and the reporter's records. Counsel also advised Appellant of his right to review the record and file a response to counsel's briefs, and of his right to file petitions for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed pro se responses to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motions to withdraw, and we affirm the judgments of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 11, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.