

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00162-CR
No. 07-24-00163-CR

---

**JUAN CARLOS LOYA, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 69th District Court
Moore County, Texas
Trial Court Nos. 6222 & 6104, Honorable Kimberly Allen, Presiding

---

October 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Juan Carlos Loya, Jr. appeals the trial court judgments adjudicating guilt and convicting him of aggravated assault with a deadly weapon (Cause No. 6222) and assaulting a peace officer (Cause No. 6104). In 2021, appellant was charged with aggravated assault with a deadly weapon and with assault on a peace officer. In May 2022, appellant pleaded guilty to both second-degree felonies and was placed on six years deferred adjudication community supervision. In March 2024, the State filed its

petition to adjudicate guilt on both charges. The State alleged several grounds for revocation.

Appellant pleaded "true" to the State's allegations that he failed to abstain from use of controlled substances and failed to complete the required community supervision restitution. He pleaded "not true" to the remaining allegations. After hearing evidence, the trial court found that appellant falsified a drug test, failed to abstain from use of controlled substances, failed to report to his community supervision officer for nineteen months, and failed to complete 240 hours of community service restitution. The trial court sentenced appellant to ten years imprisonment for each offense, to run concurrently.

Appellant timely appealed. Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[1] brief. We grant counsel's motion to withdraw and affirm the judgments of the trial court.

In support of his motion to withdraw, counsel certified that he conducted a conscientious examination of the record, and in his opinion, it reflected no arguable basis for reversing appellant's convictions. *See Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel also explained why, under the controlling authorities, the record supports that conclusion. He further demonstrated that he complied with the requirements of *Anders* and *In re Schulman* by 1) providing a copy of the brief, motion to withdraw, and appellate record to appellant, 2) notifying appellant of his right to file a pro se response, and 3) informing appellant of his right to file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408. By letter dated September 20, 2024, this court granted appellant an opportunity to exercise his right to

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

file a response to counsel's motion and brief. Same were due by October 21, 2024. Appellant filed his pro se response on September 30, 2024.[2]

We independently examined the record, including counsel's brief and appellant's pro se response, to determine whether there were any non-frivolous issues supporting reversal as required by *In re Schulman*. We found none.

So, after thoroughly reviewing the record, we 1) agree that there is no plausible basis for reversal of appellant's convictions, 2) affirm the trial court's judgments, and 3) grant counsel's motion to withdraw.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[2] In it, he complains that his counsel at the revocation hearing should have been replaced based on a conflict of interest. The correspondence from appellant to the trial court on this matter complains only that counsel misled him into signing a motion for new trial. The issue as noted in his pro se response was not raised before the trial court and is not an arguable issue in this appeal. He also complains that the officer he allegedly assaulted, in fact, assaulted him with excessive force. He further contends the evidence was insufficient to sustain his conviction for aggravated assault with a deadly weapon. We considered each and found they too failed to raise an arguable issue given the record.

[3] Within five days after the date of this opinion, appellate counsel shall 1) send appellant a copy of the opinion and judgment and 2) inform appellant of his right to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 48.4. This duty is only informational and ministerial. It does not encompass or require the rendition of legal advice or further representation.