

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00189-CR

---

**CHARLEY JAMES HUGHES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 8014, Honorable Stuart Messer, Presiding

---

December 11, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Charley James Hughes appeals the trial court's judgment adjudicating his guilt and convicting him of the state jail felony offense of possession of a controlled substance. Upon accepting a guilty plea and following a plea agreement, the trial court placed appellant on two years deferred adjudication community supervision. Subsequently, the State moved the trial court to adjudicate appellant's guilt in the cause. After a hearing on the motion, the trial court found appellant violated at least one condition of his community supervision, adjudicated him guilty, and sentenced him to serve eighteen months in the

state jail division.  Also assessed against appellant was $180.00 in restitution and $340.00 in court costs.  Appellant now appeals.

Appellant's counsel has filed a motion to withdraw together with an *Anders*[1] brief. Through those documents, she certifies to the court that, after diligently searching the record, the appeal is without merit.  Accompanying or following the brief and motion are copies of letters sent by counsel to appellant.  They inform him of the *Anders* brief, provide him a copy of same, explain there were no arguable issues warranting an appeal, and tell appellant of his right to file a pro se response to counsel's *Anders* brief and right to petition for discretionary review.  So too did counsel provide appellant with a copy of the clerk's and reporter's records, according to the letters.  In turn, this court notified appellant of his right to file his own brief or response by November 27, 2024, if he wished to do so.  To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal.  Those areas included 1) sufficiency of the evidence to support appellant's probation violations and 2) disproportionate sentencing.  However, she then explained why the issues lacked merit.

We conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503, 508 (Tex. Crim. App. 1991) (en banc).  No issues of arguable merit were uncovered, however.

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[2]


Brian Quinn
Chief Justice


Do not publish.

---

[2] Counsel, shall, within five days after this memorandum opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one only. Counsel has no duty to provide further representation to appellant.